The opinion of the Court was afterwards delivered by
Parsons, C. J.
[After stating the facts from the evidence reported.] It appears that Ely, though objected to, was admitted as a witness, and that, agreeably to the direction of the judge, a verdict was found for the plaintiffs for the difference be-[*491] tween the money paid them by the defendant *for the release, and the money received by him of Gernon, to extinguish his warranty on the shares belonging to the plaintiffs.
The admission of Ely is now objected to as a sufficient cause for setting aside the verdict. Ely’s testimony was certainly very ma terial for the plaintiffs; and if it was improperly admitted, the verdict ought to be set aside. The objection to him is founded on his connection with the plaintiffs in the same transaction; that, for the same supposed fraud, he has commenced his action; and if he can be a witness for the plaintiffs, they will be witnesses for him.
An objection of this nature may very properly be made to a jury, to the credit of a witness, who will decide what weight is due to his testimony; but no objection, on account of interest, can exclude a witness, unless he be interested in the event of the suit. In this action, Ely had no such interest; and the verdict cannot be given in evidence for or against him, in any action in which he may be a party. And although his demand may arise out of the same transaction, this case cannot be stronger than that of an action against one underwriter on a policy of insurance, in which another underwriter on the same policy may be a witness for the defendant. We therefore think that Ely was a competent witness, and that the judge did right in permitting his testimony to be laid before the jury.
Several objections have been made to the verdict. It has been urged that the assignment of Gernon’s warranty, which ran with the land, must be considered as an assignment of land, and, therefore, that the plaintiffs’ demand is within the statute of frauds, and so could not be supported by paroi evidence, but only on a written memorandum made by the defendant.
Without controverting the position that a contract to release a covenant of warranty annexed to land, is a contract concerning some interest in land, yet, in this case, the objection cannot prevail. For the action is not brought on any agreement made by the defendant with the plaintiffs, concerning the sale of any interest in *429 land, but for money he had in equity received from Gernon for their use, by reason of their having extinguished the interest they had in Gernon’s warranty.
* Another objection is, that the release to the defend- [ * 492 ] ant oy the plaintiffs being by deed, they cannot aver that it was obtained by fraud against their own deed, which expresses a sufficient and fair consideration.
It is generally true that a man shall not be received to aver against his own deed. But the case of fraud is always excepted, which vitiates every transaction; and a deed obtained by fraud is to be considered as a void contract as to the fraudulent party.
But the great objection, and the one most relied on, is, that the transaction, considered in all its parts, is not in law fraudulent; that the defendant had a legal right to make his bargain for his own benefit with Gernon, to procure a release of his warranty, and that he might lawfully conceal it from his partners in interest.
. Not only good morals, but the common law, requires good faith, and that every man in his contracts should act with common honesty, without overreaching his neighbor by false allegations, or fraud ulent concealments.
Let us now look at this transaction. From the evidence reported, it was competent for the jury to infer that the defendant was a partner in interest, with the plaintiffs and others, in Gernon’s warranty ; that, as a partner, he proposed terms to Gernon to discharge his warranty; that he was to receive 8000 dollars on procuring the discharge; that he concealed this negotiation, and falsely affirmed that the warranty was worth nothing, and fraudulently produced Austin’s letter, written for this purpose, to give credit to his affirmation ; and that the plaintiffs, imposed on in this manner, executed this release, by which the defendant was enabled to fulfil his contract with Gernon, by extinguishing the plaintiffs’ interest in the warranty.
As the jury might make these inferences from the evidence, we must presume that they did make them, as they have found a verdict for the plaintiffs.
On this view of the case, we are satisfied that the transaction be tween the parties is vitiated by fraud on the part of the defendant, and will not protect him in holding the money he received from Gernon, in consideration of the plaintiffs’ having released their interest in the warranty. Here is not * only the [ * 493 ] suppression of the truth, but also an allegation of falsehood, to deprive the plaintiffs of their interest in the warranty.
It appears that the jury deducted, from the plaintiffs’ proportion of the money paid by Gernon to the defendant, the, sum he had *430 paid the plaintiffs for their release. This deduction, we think, was right, as the effect is to give to the plaintiffs so much of the money received from Gernon by the defendant, as he, against equity and good conscience, detained from the plaintiffs. Upon the whole, we do not find any good reason to set aside the verdict; and judgment must be entered upon it for the plaintiffs.
Hooker and J. Dwight for the defendant.