Curia, per
Johnson, J.
In the consideration of this case it will be assumed as conclusions necessarily resulting from the finding of the jury, and warranted by the. evidence, that the price paid for the negro James, was his full value if he had been sound. That the defendant expressly refused to warrant his soundness, that he was at the time labouring under a confirmed consumption which was known to the defendant, but which he did not communicate to the plaintiff, and which was unknown to him and not readily detected, and that James died shortly after of that disease; and the question is whether under *171 these circumstances the plaintiff was entitled to recover? Or to put the mere abstract proposition, whether the seller' is not bound to disclose to the purchaser any latent defect/ in the article sold if it is known to him?
The principle on which those proceed who maintain the affirmative of this proposition is that fraud vitiates all contracts, and they contend that the concealment of a circumstance, which materially impares the value of the thing sold, furnishes as conclusive evidence of the fraud as a direct and positive affirmation of that which is not true, and that in morals he who suppresses the truth is equally criminal as he who states a falsehood, and such I think is clearly the well settled rule on the subject.
In Hodgson vs. Richardson, 1 Black. Rep. 465, Mr. Justice Yates lays it down broadly, “ that the concealment of material circumstances vitiates all contracts upon the principle of natural law,” and adds “ that a man kept ignorant of any material ingredient may safely say it is not my contract.”
So in the ease of Mellish et. al. vs. Motteaux et. al. Peake’s Case N. P.115, (cited 2 Comyn. on Cont. 273,) which was an action to recover back the price paid for a brig, which the plaintiffs had purchased with all faults, and it was afterwards discovered that some of her timbers were broken, which materially impaired her value and which was known to the defendants but not disclosed and which could not have been readily discovered by the plaintiffs. Lord Kenyon remarks that in all contracts of this kind it is of the highest importance that courts of law should compel the observance of honesty and good faith, and that the terms to which the plaintiffs acceded, of taking the ship with all faults and without warranty must be understood to relate to those faults only which the plaintiffs could have discovered, or which the defendants were unacquainted with. The same doctrine is also. *172 held by Lord Mansfield, in Fitzherbert vs. Mather, 1 D. and E. 12. But it is no where better expressed than by Chief Justice Parsons in Bliss et. al. vs. Thompson, 4 Mass. Rep. 488, which was a fraudulent concealment in a contract relating to lands in which that able judge remarks, that “ not only good morals but the common law requires that every man in his contracts should observe good faith and act with common honesty; and money obtained by fraudulent concealment or false representations the law will compel to be paid to the party to whom in equity and in good conscience it belongs.
The doctrine of the civil law in relation to implied warrantees has by successive adjudications been adopted and incorporated as part of the common law of this state, and is regarded in the same light that an express warranty would be by the common law as now received and understood in England. But it is not contended that the case under consideration falls within the rules growing out of either of those systems, nor that a seller may not by an explicit refusal to warrant exempt himself from liability if he acts with good faith, as in the case of Slyke vs. Greenway and Goree, decided in- this court. And the question in this case is not whether the defendant is liable | on a warranty either expressed or implied, but whether > he has committed a fraud in the sale, and if he has, wheth!er it be referred to principle or authority he is clearly liable.
But it may be asked shall a man not be permitted to protect himself from liability by express and positive stipulations, and is not the other bound by his assent to those terms?
In England every sale without warranty contains in effect a stipulation on the part of the seller not to warrant, and of the purchaser to accept without warranty; and we have before seen that the doctrine contended for applies *173 i o those cases; and a summary answer may be found in the principle that fraud vitiates all contracts, may also be safely laid down as an axiom that fraud cannot be purged by any stipulation; for put it on the best possible footing, it is only a fraudulent stipulation to cover a fraud.
In addition to these general remarks it may be observed that there is one circumstance in this case that strengthens the claim of the plaintiff. The general appearance of the negro James did not indicate to the eye of a common observer the presence of the disease, and on enquiry made by one of the witnesses, defendant represented to him that he was sound and although he had a cough it was of a common kind and that all his other negroes were in the same situation. Now, although it did not appear i that this came to the knowledge of the plaintiff and ought J not therefore to be set down as a fraudulent misrepresent tation to him, yet when it is recollected that the negro was sold at public vendue, we may, I think, be permitted to collect from it a disposition on his part to commit a fraud on whomsoever might be the purchaser, and which he too successfully practised on the plaintiff.
The majority of the court concur with the presiding judge in all the views taken by him of the case, and the motion is refused.