Perhaps, in the present case, the end of justice would be answered by affirming the judgment of the Superior Court. But if the general policy and justice of the country is concerned in the precedent which such a judgment would establish it ought to be examined.
It is universally true that all contracts and promises which have a tendency to impair the administration of justice are void. Com. on Contr., 23; Fonb., 227; Turner v. Vaughan, 2 Wils., 339; 3 Term, 17; *Page 89 
Plowden, 64; Blackett v. Crissop, 1 Ld. Ray., 278; Hob., 14; 5 Mass. 385. Many more authorities might be cited in support of this general position.
To what did the promise of the defendant tend in the present case? Certainly to a laxity of official duty in the plaintiff. The consideration of the promise was that the plaintiff should suspend proceedings on the executions and wait with the defendant for the money due. It is asked why returns upon those executions were not made to Court as usual; the answer is that they were suspended by the promise; of course the plaintiffs in them were kept out of their money in consequence of the promise, and therefore the promise became an impediment in the administration of justice, and on that account should be considered void, but not on account of the defendant for he is entitled to no favor.