## RAWSON *vs.* PORTER.

Where a suit, in which property was attached, was settled before entry, by compromise, and the plaintiff's attorney charged as part of the costs to be paid by the debtor, a commission of two and a half *per cent.* often charged in similar cases, which the debtor at first objected to as unreasonable, but finally paid ;—it was held that he could not recover it back, it being voluntarily paid, in pursuance of a lawful contract, and without fraud or oppression.

THIS was an action for money had and received, and was tried before *Parris J.* upon the general issue.

It appeared that the defendant, who was a counsellor and attorney of this court, had received sundry demands against the plaintiff, from his creditors, for collection, with directions to secure them by mortgage or responsible sureties ; that he made a writ and caused the plaintiff's goods to be attached ; that an agreement was made

Rawson v. Porter.

a few days afterwards for a compromise of the action, by new notes, with a mortgage and a surety, the costs to be paid by the debtor; in the execution of which agreement, the attorney taxed as part of the costs, a commission of two and a half *per cent.* on the amount of the debt. The debtor was unwilling to pay this sum; and the attorney offered to remit it, if the debtor would pay the debt in money instead of new securities; or to wait, which he preferred to do, and write to his clients for instructions. But Dr. *Huse*, the debtor's friend, who had become responsible to the officer for the goods attached, objected to the delay, and advised him to pay the amount and obtain the release of his goods; which was at last agreed to, and *Huse's* note given to the attorney, for the amount, which was paid when it fell due, without objection from the debtor. The present action was brought to recover back the sum thus paid. It further appeared that the reasonableness of the charge under the existing circumstances, was much discussed between the attorney and the debtor, the latter denying and the former maintaining it; and there was evidence showing that a commission of three *per cent.* was usually deducted by attornies in this county from all monies collected for persons living out of the county, and remitted to the creditor; but that where the demand was compromised in some other mode, this charge was often required to be paid by the debtor.

Upon this evidence the Judge directed a verdict to be returned for the plaintiff, subject to the opinion of the Court upon the general question whether the plaintiff was entitled to retain it.

*J. Thayer*, for the plaintiff, cited *Cowp.* 805—807; 2 *Burr.* 924, 930; *Cro. Jac.* 103; *W. Jones* 165; *Cro. El.* 123; 1 *Esp.* 5; *Smith v. Bromley, Doug.* 671; *Ashley v. Reynolds* 2 *Stra.* 915; 1 *Dane's Abr.* 176; *Larell v. Miller,* 15 *Mass.* 207; 2 *Esp.* 548; *Bull. N. P.* 132; *Worcester v. Eaton,* 11 *Mass.* 368; *Bond v. Hayes,* 12 *Mass.* 34; *Boardman v. Rowe,* 13 *Mass.* 104; *Marriot v. Hampton,* 2 *Esp.* 546; *Cowp.* 204; 1 *Dane's Abr.* 180, 181, 185; 4 *Johns,* 245.

*Abbot* and *Porter*, for the defendant, cited *Wallis v. Wallis,* 4 *Mass.* 135; *Homes v. Aery,* 12 *Mass.* 137; *Bilbie v. Lumley,*

Rawson *v.* Porter.

2 *East.* 469; 1 *Campb.* 136; *Brisbane v. Dacres,* 5 *Taunt.* 143; *Lowry v. Bourdieu, Doug.* 471; *Brown v. McKinally,* 1 *Esp.* 279; *Knibbs v. Hall,* 1 *Esp.* 84; *Hall v. Shultz,* 4 *Johns,* 240; *Gilpatrick v. Sayward,* 5 *Greenl.* 465; *Morris v. Tarin,* 1 *Dall.* 147; *Cartwright v. Rowley,* 2 *Esp.* 723.

MELLEN C. J. delivered the opinion of the Court.

This case presents the single question whether upon the facts reported, the action is maintainable. Under the instructions of the Judge, the jury returned their verdict for the plaintiff, for the purpose of having that question decided. Where illegal fees are demanded and received by an officer, whose fees are by law established, he is liable to a penalty. The defendant is not an officer of that description, but a counsellor at law; and the money which he demanded and received of the plaintiff, and for which the present action is brought, was received as commissions on the collection of a sum of money for certain creditors of the plaintiff. Commissions of this description are not the subject of any statutory provisions; they are neither limited nor established by any law; and in this respect they resemble commissions charged by merchants in the transactions of business between them. Still, individuals, having no official character, may be guilty of extortion in their dealings, and thereby subject themselves to legal liability to reimburse the amount extorted. On this principle the present action is prosecuted.

In our law books we find numerous decisions relating to such actions. Thus where a custom-house officer seized certain goods as forfeited, which were not seizable, and demanded and received money of the owner to release them, the owner recovered the money back again, as having been paid by coercion. In that case, the defendant did not demand and receive the sum as fees, but as a compensation for giving up a possession which he had no right to hold. *Irving v. Wilson & al.* 4 *T. R.* 485. So where a creditor of a bankrupt demanded £40 for signing his certificate, and his sister paid it, she was allowed to recover it back again, as

16

having been oppressively extorted from her. 1 *Esp.* 5. *Smith v. Bromley, Dougl.* 696, *note.* So where the plaintiff pawned plate, and the pawnee demanded £10 as usury, which the plaintiff paid in order to get his goods back again. In an action for money had and received he recovered it, as having been paid by compulsion. *Astley v. Reynolds,* 2 *Strange,* 915. See also 1 *Dane's Abr.* 180, 181. The above case in *Strange,* was relied upon by Lord *Mansfield,* in deciding *Smith v. Bromley.* But Lord *Kenyon,* seems to have disregarded it in the decision of *Knibbs v. Hall,* 1 *Esp.* 84. In that case *Hall* was indebted to the plaintiff for rent. The plaintiff had demanded twenty-five guineas per year,—the defendant contended that he had taken the premises at twenty guineas per year. This sum was refused by the plaintiff, who threatened to distrain for the twenty-five guineas; and to avoid the distress, the defendant paid at the rate of twenty-five guineas, and proposed to offset the surplus against the plaintiff's claim, as having been paid by compulsion. Lord *Kenyon* decided that this was not a case of compulsion, as the defendant might by a replevin have defended himself against a distress; and that, therefore, after a voluntary payment so made, he should not be allowed to dispute its legality. In the case of *Clark v. Shee & Johnson, Cowp.* 200, Lord *Mansfield,* in speaking of his decision of *Smith v. Bromley,* says, " the transaction is against the express prohibitions of the act of parliament, and both are parties to it; but not equally guilty; for the bankrupt is an oppressed party, and therefore the action will lie." Thus it appears, that in all the foregoing cases with one exception, the money reclaimed had been paid in satisfaction of an illegal demand. Other similar cases might be cited. On the same principle money which has been extorted by fraud, imposition and deceit may be recovered back. *Bliss & al. v. Thompson,* 4 *Mass.* 488. On the contrary, where money has been voluntarily and understandingly paid, in pursuance of a lawful contract, made *bona fide,* it cannot be recovered back, although paid without any consideration, unless there was some mistake, fraud or imposition. *Gates v. Winslow,* 1 *Mass.* 65; *Wallis, ex'r. v. Wallis,* 4 *Mass,* 135; *Brown v. McKinnally,* 1

*Esp.* 279 ; *Marriot v. Hampton,* 2 *Esp.* 546. In *Cartwright v. Rowley, ib.* 723, Lord *Kenyon* says, " the money cannot be recovered back, it was paid by the plaintiff voluntarily ; nor can money be recovered back again in this form of action, unless there are circumstances to show that the plaintiff paid it through mistake, or in consequence of coercion." Several other cases have been cited, establishing the same doctrine. These seem to be the general prinples of law upon the subject under consideration. Let us now apply the principles to the facts of the present case. In the first place, it is evident that there was nothing resembling deceit or imposition on the part of the defendant. He stated frankly the nature of the charge which he made against the plaintiff and the grounds on which he placed his claim to the commission of two and a half *per cent.* In the next place, the plaintiff's goods were legally attached, and of course were lawfully placed out of his control ; and neither the creditors nor the defendant their attorney, were under any obligation to settle the action, by taking any other security than that of the property attached. The plaintiff had no claim for a restoration of the property, but by a payment of the debt or adjustment of the action ; nor had the defendant any legal right to charge or tax the commissions against the plaintiff. It was decided in the case of *Dunlap v. Curtis,* 10 *Mass.* 210, that a sheriff was not liable to the statute penalty by taking and receiving of a defendant more than legal fees ; because he had no power to demand them. The money was paid by the plaintiff after consultation and discussion ; that measure being deemed most advisable in the then existing circumstances. Were those circumstances such as, in legal contemplation, to render the payment a voluntary one, or a payment by compulsion ? The defendant asserted that he thought he ought to have the sum he charged. The plaintiff was unwilling to pay it ; but in the situation of the property, *Huse,* the friend of the plaintiff, advised him to pay it. The defendant offered to write to his clients to know if they would consent to have the commissions charged to them, but the plaintiff objected to the measure on account of the delay it would occasion. The defendant offered to give up the charge of commissions if the plaintiff would pay the debt, instead of

giving security for its future payment, but the plaintiff preferred paying the sum charged, rather than have any delay, as *Huse* the receipter for the property, objected. The defendant urged that the plaintiff, by giving security and having a day of payment, would be the person benefitted, and therefore ought to pay the commissions, rather than the attaching creditors. The defendant was desirous of delay, that he might consult his clients for the purpose before named, but the plaintiff still objected. Thereupon a note was given for the costs and security for the debt, and the action was settled. The note for the costs was paid when it became due. The evidence reported in relation to the practice, in such cases, as the present, so far as known by the several deponents, is not considered by the court as having any important influence in the decision of the cause. On a view of the evidence, it appears that the charge was made against the plaintiff and the propriety of it urged on the ground of its justice and fairness in the then existing circumstances. The plaintiff was asking indulgence of his creditors ; their attorney, at a distance from them, was authorised to grant it on having the debt secured ; but no instructions had been given on the subject of those commissions usually chargeable to the creditors ; he wished to learn their ideas as to paying those commissions in such a case as was then presented to their consideration, the debt not being paid, but only secured. The plaintiff acted under no influence exerted over him by the defendant ; he reasoned for himself, and listened to the advice of *Huse*. If that advice led him to the conclusion he formed, the defendant is not answerable for its correctness. The plaintiff was unwilling that any delay should take place, and he was willing to prevent it by assenting to the terms proposed by the defendant. He gave no intimation at the time of any intention to reclaim the money as paid by compulsion or unjustly extorted. He was under no obligation to pay it. Had he permitted the action to proceed to judgment, the sum claimed would not have been taxed against him. He voluntarily paid it, for the indulgence he obtained. We do not perceive any fraud, imposition, deceit, compulsion, oppression or extortion, on the part of the defendant; nor any cir-

umstance which can justify the plaintiff in deserting the compromise which he made, and reaping the benefit of such desertion.

*The verdict is set aside and a new trial granted.*