### ORRIN BILLS vs. WILLIAM COMSTOCK.

A justice of the peace sentenced a prisoner, whom he had convicted of larceny, to pay a fine and costs, and, on his failure to pay them, delivered a mittimus to an officer, who, while conducting the prisoner to jail, took the promissory note of a third person, for the amount of the fine and costs, and his own fees, payable to the justice, and discharged the prisoner. *Held,* in a suit by the justice on the note that it was void for illegality of consideration.

ASSUMPSIT by the payee against the maker of a promissory note for $31·47, dated March 31st 1845, and payable with interest after June 20th 1845. Trial in the court of common pleas, before *Merrick,* J.

The defendant offered to prove the following facts, in defence : " That Harmon Cooley, on the 31st of March 1845, was convicted of larceny, by the plaintiff, a justice of the peace for the county of Berkshire, and sentenced to pay a fine and costs to the Commonwealth ; that on the failure of Cooley to pay the fine and costs, the plaintiff made out a mittimus against him, and delivered it to Charles D. Palmer, a deputy sheriff ; that while Palmer was on the way to the jail with Cooley, he met the defendant, and Cooley asked him to give a note for the amount of said fine and costs, and he (Cooley) would work for the defendant ; that Palmer said he would take the note, if the defendant would give it, and that Cooley should go to work for the defendant, and if he attempted to leave before the note was worked out, he (Palmer) would come and take care of him ; that the note in suit was then given for the amount of the fine, costs, and officer's fees, and was received by Palmer therefor, who thereupon discharged Cooley from custody, and delivered the note to the plaintiff, in payment of said fine and costs ; that Cooley worked for the defendant a short time, (not quite a month,) and then left him ; and that no payment of the amount of the fine and costs had been made, by Palmer or the plaintiff, to the county treasurer.

" The defendant insisted that, as the note was without consideration, and was taken by a public officer, in violation

of his duty, contrary to public policy, it was void. The court ruled that the facts, as here set forth, constituted no defence, and directed a verdict for the plaintiff, which was returned by the jury. The defendant alleged exceptions to the said ruling and direction."

*J. E. Field,* for the defendant. The note was given upon an illegal consideration, and is therefore void. *Ayer* v. *Hutchins,* 4 Mass. 370. *Denny* v. *Lincoln,* 5 Mass. 385. *Pitcher* v. *Bailey,* 8 East, 171. *Martyn* v. *Blithman,* Yelv. 197. *Love* v. *Palmer,* 7 Johns. 159. And the delivery of the note to the justice was a nullity. Rev. Sts. c. 141, §§ 3, 9.

*Palmer,* for the plaintiff. As the justice received the note, the presumption is, that the mittimus was issued provisionally ; that is, if the prisoner should not cause payment to be made of the fine and costs. See *Foster* v. *Clark,* 19 Pick. 329.

HUBBARD, J. The defence, relied upon at the trial, was want of consideration for the note, and that it was taken by the officer in violation of his duty, and therefore ought not to be enforced. The officer's duty was clearly marked out in the precept committed to him, viz. " to convey said Cooley to the common jail in the county aforesaid, and to deliver him to the keeper thereof, together with this precept." Under this mittimus, he arrested the prisoner, and was conveying him to the jail ; and, while on his way, took the note of the defendant, and discharged the prisoner.

Without deciding the question as to the consideration for the note, and how far the defendant is justified in setting up want of consideration, (which his counsel has not pressed,) we think the act of the officer was clearly a violation of his official duty, and against public policy. He undertook to commute the sentence of the justice, and instead of committing the convict to prison, or receiving the fine and costs, in default of payment of which the convict was sentenced to be committed, he took the promise of a third person to pay the same ; an executory agreement which might never be fulfilled, and was liable to be disputed ; while the party convict

escaped the sentence of the law. No such power to com-
mute the sentence, and to substitute a promissory note, is
given; and though the intention of the officer, in this case,
may have been good, yet such a practice would lead to col-
lusion between officers and criminals, to the great injury of
public justice.

In *Denny* v. *Lincoln*, 5 Mass. 385, an officer, having an
execution, forbore to arrest the debtor, on the promise of a
third person to deliver him to the officer at another time ; and
this promise was held void. So, in *Ayer* v. *Hutchins*, 4 Mass.
370, an agreement to indemnify an officer for a voluntary
escape was held void, as against the policy of the law. And
this is an ancient doctrine of the law. See cases collected in
22 Amer. Jurist, 271, and in Story on Con. § 205. The case
at bar is much stronger than those. They were cases of
officers' violation of law in the discharge of duty in the
execution of civil process. This is the misconduct of an
officer in the discharge of his duty in the execution of crim-
inal process, in which the whole community are interested
that the law should be enforced.

*Verdict set aside, and a new trial granted.*