Dewey, J.
This bond is not in conformity with the statute regulating ordinary prison bonds, and, as a statute bond, could *85 not be held to be good and effectual. The plaintiff does not rely upon it as such, but insists that it is a good bond at common law; and the only question raised is, whether it can be enforced as such.
This bond does not fall within the class of cases where public officers have taken bonds under color of office, but in a manner not conformable to law. Of this class are the numerous cases of bonds and written promises to a sheriff, having a precept authorizing an arrest, which have been held void, as contrary to the statute 23 Henry VI. c. 10, regulating bail in civil cases, as in Denny v. Lincoln, 5 Mass. 385; or in replevin, as in Purple v. Purple, 5 Pick. 226.
The distinction between bonds given directly to the officer by the debtor, and bonds and other contracts with a creditor, given by his debtor while liable to arrest, or actually imprisoned, is one well maintained by the authorities, and rests on sound principle. The sheriff has an official character, and can only act in that character, in conformity with the statutes, so far as they regulate his proceedings; and such is his relation to the debtor against whom he holds process, that the debtor may invoke the aid of the law to hold the sheriff strictly to the exercise of the authority conferred upon him by law, in all bonds or contracts taken by him of the debtor, for the purpose of either saving himself from arrest, or to obtain his liberty, if under arrest and imprisonment. The interest of the creditor also may alike require the proceedings of the sheriff to be strictly within the statute requirements. Such bonds are therefore open to the inquiry, whether they are conformable to the statute. But a bond from the debtor to his creditor, given under an arrangement made for their mutual convenience and interest, although such debtor may be in prison, is a mere common law bond, and the party is liable as on any other bond at common law, and the same i open to the ordinary defence that would apply to other common law bonds.
This principle seems to be recognized by the court, in the case of Clap v. Cofran, 7 Mass. 98, where the bond was not in conformity with the statute; but it was held, “ if a debtor *86 in execution will voluntarily, and without fraud, imposition, or duress, give a bond to his creditor, conditioned that he will continue a true prisoner and not escape, such bond is not void at common law or by any statute.” In Hall v. Carter, 2 Modern R. 304, it was held, that a bond to the creditor, by a third person, conditioned that a person arrested shall give certain security named, or surrender himself on such a day, is not within the statute of Henry VI. c. 10, as to taking bail. In Lent v. Padelford, 10 Mass. 230, an officer holding an execution against a judgment debtor, a third person gave the creditor a written promise that the debtor should surrender himself on a certain day specified, or pay the debt, and this was held a legal contract. We see nothing in the subject matter of this bond that should require us to treat it as invalid as a bond at common law.
But it is further contended, that this bond was not duly executed, and that for this cause it cannot be enforced. It is said, that the bond was only executed by the surety and not by the principal. Had this bond been drafted as a bond of William Gibbs as principal, and William P. Gibbs as surety, and been only executed by the surety, it might, perhaps, have been objected, that the bond was not duly executed, that it contemplated a bond of the principal, and that the surety was only to be bound if the principal was also bound. Such was the case of Bean v. Parker, 17 Mass. 591.
But this case differs from that class of cases. This bond does not purport to be a bond from the debtor as principal, with another person as surety for such principal. It is a bond from a third person, who is the only principal and only obligor named in the formal part of the bond. It is true that, in the recital, the obligor describes himself, “ W. P. Gibbs as surety, am held and firmly bound.” But this does not change the character of the bond, as ta the proper parties to execute it, or as to its validity as against the obligor who executed it. Bank of Northern Liberties v. Cresson, 12 S. & R. 306; Keene v. Deardon, 8 East, 298.
This bond was, in our opinion, duly executed by the defendant, and is obligatory on him. Judgment for the plaintiff.