## EDWARD H. DAVIS *vs.* ZEBINA RANSOM.

The sale of a chattel, where the consideration is actually paid is valid, although there is at the time no actual delivery of the chattel, or even if it is lost or withheld from the vendor by a wrong-doer.

One who, as contractor of convict labor, was engaged within the State prison, had stolen from his room in the prison a watch and chain worth $120, which, remaining unfound, after diligent search, he offered to sell for $25. The Agent and one of the guards of the prison jointly accepted the proposition, and paid the loser $25. The purchase by the two officers of the prison, was not void by reason of their being such officers. It was not against public policy, as there was nothing in the transaction tending to lessen or reward official fidelity.

Error to the Jackson Circuit Court.

This was an action of trover brought by Ransom against Davis, to recover the value of a gold watch and chain, which he alleges were wrongfully converted by the latter.

The trial was had before the Hon. D. Johnson, Circuit Judge, without a jury. The following facts were found and certified, as appears from the bill of exceptions:

"That the defendant was, on the 13th day of April, 1854, and ever since has continued to be, a contractor of convict labor in the State prison at Jackson. That, as such contractor, he occupied a certain building or shop within the prison yard, in which the convicts employed by him performed their labor. That on the day last mentioned, Davis lost the property in question, viz.: a gold watch and chain, of the value of one hundred and twenty dollars. The watch and chain were taken in the daytime from his finishing room, one of the rooms of the shop occupied by him, where it was suspended on a nail. Upon missing the watch, he communicated the fact to the Agent of the prison, and search was thereupon immediately made by the Agent and other officers of the prison, as well as by the defendant himself. That on the evening of that day, and before the watch was found, the defendant offered to sell it for twenty-five dollars, or to give one hundred and twenty-five dollars to any one who would find the property and deliver it to him. That thereupon the plaintiff, then being one of the guards of the prison, and Peter Dox, then being the Agent of the prison, agreed jointly to accept one of the alternative propositions made by the defendant, to give him the sum of twenty-five dollars, and did then and there pay to the defendant the sum of twenty-five dollars, which he then and there accepted in full payment for the watch and chain, and declared in the presence of witnesses that the property belonged to Dox and Ransom, and that whoever should find the same should deliver it to them. That shortly after the sale aforesaid, and during the same evening, the watch was found concealed in the brick wall of the room in which it was lost, by one Foster, a person in the employ of Davis (but who was not one of the convicts), and was by him delivered on the same evening to Davis. That afterwards, and before the commencement of this suit, Dox sold his interest and right in the property to Ransom. Afterward, and before the commencement of the

suit, Ransom demanded the watch of Davis, who refused to deliver the same to him.

"There was no evidence tending to show who took the property, or that Ransom or Dox, or either of them, had any knowledge where the property was, at the time of the sale." The Court found the defendant guilty, and rendered judgment against him for $120, with costs of suit. Whereupon the defendant brought a writ of error, and removed the record into this Court.

*A. Blair*, for plaintiff in error.

*Wood & Livermore*, for defendant in error.

By the Court, BACON, J.

The plaintiff in error contends that, as there was no delivery of the watch, and could be none, inasmuch as it was lost, he is not bound by the bargain, notwithstanding he received the twenty-five dollars in full payment for the property.

He further contends, that all which he sold was the "*mere chance to find the property*," and that the contract is against public policy, and is therefore void.

Let us look at one of the facts found and certified by the Judge : "*Dox and Ransom did then and there pay to the defendant the sum of twenty-five dollars, which the defendant then and there accepted in full consideration for said watch.*" From this there can be no doubt but that Davis intended to sell, and did sell to Dox and Ransom the watch. There can be no mistake as to the intention of the parties. They all knew the watch was lost, at least they had the word of Davis that it was lost, and they all supposed it had been stolen. No actual delivery was or could be made. Davis did all which he could, or which was necessary to do. He received the money, the full price for which he had offered to sell the watch, and

declared in the presence of witnesses that he sold it to Dox and Ransom, and that whoever should find it should deliver it to them.

In 1 Pars. on Cont., *p* 435, it is said : "All that is necessary to a valid sale of a chattel at common law, is the agreement of the parties that the property in the subject matter should pass from the vendor to the vendee for a consideration given, or promised to be given, by the vendee." And on *p.* 444 of the same work, it is further said : "The property passes by a sale without delivery, as between the parties ; payment of consideration being made. Third persons only can question the want of delivery." See also, 2 Kent's Com., 492 (margin).

In 2 Sum. R., *p.* 211, it is said : "I know of no principle of law that establishes that a sale of personal goods is invalid because they are not in the possession of the rightful owner, but are withheld by a wrong-doer. The sale is not, under such circumstances, the sale of a right of action, but the sale of the thing itself, and is good to pass the title against every person, not holding the same under a *bona fide* title, for a valuable consideration without notice ; and a *fortiori*, against a wrong-doer.

We cannot indeed perceive upon what principle it can be said that the owner of property, which has been either lost or stolen, cannot sell it so as to pass the title to a *bona fide* purchaser, for a valuable consideration paid or agreed to be paid. In the case before us, Davis received the money, and declared that the watch was sold, and belonged to Dox and Ransom. No fraud being practiced, nothing more was necessary to be done in order to pass the title as between the parties : certainly it does not lie in the mouth of Davis to allege the want of delivery.

It is further contended by Davis, that inasmuch as both Dox and Ransom were officers of the prison at the time of

31

the sale of the watch to them, the contract was void as against public policy.

We are cited to several cases to maintain this principle; none of which, however, cover the ground which is contended for.

The case of Gray *vs.* Hook (4 *Comst.*, 449), does not help the plaintiff in error. Gray and Hook were both applicants for the same office. Both sought the appointment. One of them, in order to induce the other to withdraw his application, agreed to pay him a certain sum, for which he gave a promissory note. An action was afterwards brought on the note, and the Court held it to be void, as against public policy.

The cases of Dewey *vs.* Lincoln (5 *Mass.*, 385), Pitcher *vs.* Bailey (8 *East.*, 171), and Strong *vs.* Tompkins (8 *J. R.*, 98), are not in point, In all these cases, officers had either neglected or violated their duty, In Dewey *vs.* Lincoln, above referred to, a deputy Sheriff omitted to arrest a defendant in a civil action, when he had an opportunity to do so, and took from him security for his appearance. He afterwards brought an action against the defendant on his promise; *held*, that the action could not be maintained.

In Strong *vs.* Tompkins, also above referred to (8 *J. R.*, 98), a deputy Sheriff arrested a defendant in a civil action, and, instead of taking a bond for his appearance, took a promissory note. In an action brought on the note, the Court held it void, as having been taken contrary to the provisions of the statute. So too, in Pitcher *vs.* Bailey (8 *East.*, 171), a Sheriff permitted a prisoner to go at large on his promise to pay the debt. The debtor afterwards absconded, and the Sheriff paid the debt for him. The Court held that the Sheriff could not maintain an action against the debtor for money paid.

The principles which are held in these cases, are not applicable to the one now before us. It is true that both Dox and

Ransom were officers of the prison. They, it seems, made search for the watch after it was missing. There is no complaint or pretext but that they, in this respect, discharged all their duty. There is no allegation of any fraud. Indeed, the idea of fraud on the part of Dox and Ransom is precluded by the finding of the Judge. It is expressly stated that they had no knowledge of where the property was at the time of the sale. On their part, the whole transaction seems to have been *bona fide*. They had not been guilty of neglect of duty. No default or misconduct was pretended. Nor was there anything in the sale and purchase of the watch, with all the attendant circumstances, that would tend to lessen or reward official faithfulness. They got no compensation for their services. They took no extra pay or bribe. They bought that which was lost, and supposed to be beyond recovery. We see no disability on their part to purchase, and think they could legally do so.

The judgment of the Circuit Court was correct, and is affirmed with costs.

Present, BACON, PRATT, WING, GREEN, COPELAND and MARTIN, J. J.

JOHNSON, J., did not sit, having decided the cause in the Court below.

DOUGLASS, J., dissented.