## THE TOWN OF CANAAN *v.* DERUSH.

Where the selectmen of a town, in obedience to the call of the general government, and by due authority from their town, undertook to enlist soldiers for the government to fill up or supply the quota of said town, and to pay a town bounty to all such soldiers as might be found duly enlisted and accepted into such service by the legally constituted and examining officers assigned to such duty, did knowingly furnish and pass off as sound, a man physically disqualified for duty, and did improperly and prematurely advance the bounty of the town to such person, who was afterwards upon due examination rejected by the examining officers; under these circumstances, it was *held*, the selectmen exceeded their authority, and the town could recover back, in this form of action, from the aforesaid soldier, the bounty money advanced to him.

The parties are not in *pari delicto*, as the plaintiffs have done nothing to sanction the unauthorized acts of their agents, having received no advantage from their acts, and have used due diligence to disavow the same.

This action can be maintained upon the ground that the defendant has received plaintiffs' money upon a consideration which has failed, or upon an agreement which has been fully rescinded by reason of fault in the defendant.

ASSUMPSIT to recover back money alleged by the plaintiff to have been obtained by the defendant from the town by fraud.

The plaintiff introduced evidence tending to show that in 1864, the defendant being incapacitated for military service by reason of hernia, and knowing that he was so incapacitated, agreed with the selectmen of Canaan to enlist as one of the quota of that town under one of the calls by the United States for troops, and was by them offered for examination, and that he fraudulently concealed the fact of his incapacity from the examining board of the United States, and thereby passed the examination, and received from the selectmen of Canaan certain money of the town as bounty; that, in a few days after at his final examination before the United States board of inspectors, his incapacity was discovered by the United States officers and he was discharged for that reason without pay or emolument—and that he was not counted upon the quota of Canaan; and that the town, upon his discharge, was notified by the

acting assistant-provost marshal for the State, that he would not be counted upon the quota of the town, and thereupon the town procured the enlistment of another man in his place.

There was evidence tending to show that the selectmen, at the time of his first examination, knew of his incapacity, and of his fraudulent concealment of it, yet being present suffered him to be passed by the examining board, who supposed him fit for military service.   The court ruled that the fact that the selectmen thus knew of or participated in this fraud of the defendant, would not prevent the town from recovering in this action.   The defendant offered evidence tending to show that he was in fact counted as one of the quota of the town on the call for which he enlisted—and the court rejected the evidence.   To these rulings, made to raise the questions of law desired by the parties, the defendant excepted, and by consent the cause was taken from the jury, that these questions might be determined.

It is ordered that the questions arising upon the foregoing exceptions be reserved for determination by the whole court.

*T. J. Smith*, for defendant, contended that the parties were in *pari delicto*, therefore plaintiffs could not recover, and referred the court to *West* v. *Roby*, 4 N. H. 285 ; *White* v. *Hunter*, 23 N. H. 128.

That the selectmen had full authority to bind the town, and the town was bound by their action in this case, and referred the court on this point, to 10 N. H. 538 ; 14 N. H. 331 ; 37 N. H. 35.

*G. W. Murray*, for plaintiffs, contended, first, that the selectmen had exceeded their authority in knowingly enlisting a man physically disabled from military service, and in paying him his bounty before he passed his final examination, when he was rejected, and that the town was not bound by such agency, and could recover back their bounty money, and referred the court to Paley on Agency 337 ; *Clark* v. *Shir*, 1 Cowper 177 ; *Taylor* v. *Plum*, 3 M. & S. 562.

The owner may follow his property misapplied by his agent.    17 Mass. 560.    The selectmen could not bind the town out of the scope of his authority.    23 Pick. 24 ; 19 Pick. 511.    Other authorities on various grounds ; 17 Mass. 479 ; *Thayer* v. *Barton*, 19 Pick. 516 ; 14 Mass. 58.

NESMITH, J.    From the facts disclosed in this case, we draw the inference that the selectmen were the agents of the town, authorized under the statute law, and the special vote of the town, to discharge only certain well defined duties.

1.    They were clothed with the power to furnish the due quota of soldiers required of their town, in obedience to the call of the general government for military service.

2.    They were authorized to pay a specific town bounty to all such soldiers, as might be duly enlisted and accepted into such service by the several legally constituted and examining officers assigned to such duty.

The selectmen, as the agents of their town, failed to perform their duty to the general government in the case before us, because they knowingly undertook to furnish or pass off upon the government as sound, a man, who was not able-bodied, therefore, not physically qualified for the intended service. They were also unfaithful to the town, because they prematurely and improperly advanced the bounty money of their town to one who was finally rejected on account of the well known physical defect which existed in the defendant at the time they paid over the bounty money to him. The selectmen have, therefore, exceeded the authority conferred upon them by law. They have not acted with due discretion or caution, nor within the scope of their legitimate authority, and it is enough to say the town is not bound by such agency.

The plaintiffs have derived no possible benefit from the enlistment of the defendant, but have suffered an injury, equal to the amount of the bounty paid.

If the agent exceeds his authority, or does an act within the scope of his authority, and at the same time does *something more*, which he was not authorized to do, and the two matters are not so connected as to be inseparable, even though both may relate to the same subject, that which he has authority to do is only binding, and the other is void. 2 Greenleaf's Evidence sec. 59; *Brown* v. *Rundlett*, 15 N. H. 360; *Towle* v. *Leavitt*, 23 N. H. 374.

And the defendant is in no situation to resist the claim of the plaintiffs, for he, from the beginning, has participated in the wrong done, and he withholds the money without right, and without consideration. *Boutelle* v. *Melendy*, 19 N. H. 196. The parties are not in *pari delicto*, as the town have done nothing to sanction the unauthorized act of their agents, having received no conceivable advantage therefrom, and have used suitable diligence to disavow the same. The plaintiffs are entitled to a remedy here, upon more than one ground. There is the general elementary rule. If the agent pay the money of his principal, which ought not to be paid, it may be recovered back by an action of indebitatus assumpsit, at the suit of his principal, and sometimes at the suit of the agent himself. Comyn on Contracts 280.

So, if through the fraud, or misrepresentation, of the defendant, a contract has been entered into, under which the defendant has received more than he is justly entitled to claim, the plaintiff has the right to recover back the excess. *Dana* v. *Kemble & Trustee*, 17 Pick. 548; *Moses* v. *McFarlen*, 2 Burrows 1012; *Hall* v. *Schaltz*, 4 Johnson 246; *Mason* v. *Waite*, 17 Mass. 563; 2 Greenleaf's Evid. sec. 120; *Bliss* v. *Thompson*, 4 Mass. 488.

We have reason to suppose, from the case, that if the defendant had honestly disclosed his physical defect to the army surgeon who first examined him, he would not have been then accepted, and received his bounty. Hence the defendant, by such fraudulent concealment, should not be permitted to profit, and on this ground, this action can be rightfully maintained.

This action can be maintained, also, upon the ground that the defendant has received money of the plaintiff upon a consideration which has

failed; or, upon an agreement which has been rescinded by reason of fault in the defendant. 2 Greenleaf's Evidence sec. 124; Chitty on Contracts 487; *Conner* v. *Henderson*, 15 Mass. 319; *Gillet* v. *Maynard*, 5 Johnson 85.

We are inclined to the opinion, that the plaintiffs are entitled to maintain this action upon either of the aforesaid grounds, unless it be conceded that the defendant was actually accepted and counted in by the United States mustering-in officers, as a soldier for Canaan. In such case, as the case now stands, plaintiffs would have no cause for complaint. If defendant has such facts in reserve, the case may be discharged to receive them.