James O. Shackelford, J.,
delivered the opinion of the Court.
This >is an action of trespass on the case, brought by the defendant in error, against the plaintiff in error, for obstructing an alley. The declaration is in the usual form, to which the plaintiff in error pleaded: First, the general issue of not guilty; second, the statute of limitation of two years. Issue was taken, and at the May Term, 1867, the cause was submitted to a jury, under the charge of the Court, which resulted in a verdict for defendant in error. A new trial was moved for, the motion overruled, and judgment rendered against *54 the plaintiff in error; from which there was an appeal to this Court. The principal error assigned arises upon that part of His Honor’s charge, in which he instructed the jury that the plea of not guilty admitted the plaintiff’s right of way to the alley in question, and that this plea only denied that the defendant had obstructed it, and not plaintiff’s right of way; and under this state of the pleadings, the plaintiff need not deraign his title to the alley; that the jury would look to the proof, and see if the plaintiff had obstructed the way, or placed obstructions in it, and if so, their verdict should be for the plaintiff, etc. The pleadings in this cause are under the common law procedure in force before the adoption of the Code. The general issue pleaded to this declaration, is a denial of the whole cause of action, and puts in issue every essential fact stated in the declaration, and the plaintiff is bound to prove his case. In this form of action, under the general issue, the defendant may give in evidence any matter which operates in discharge of the cause of action, and he is not bound to plead his defenses specially.
There is an essential difference between actions of trespass and trespass on the case. The first is strioti juris, and matters in excuse or justification, must be pleaded specially. The other is founded in the justice and equity of the case; for, whatever would, in equity and conscience, according to existing circumstances, preclude the plaintiff from recovering, might, in an action on the case, be given in excuse, by the defendant, under the general issue; because the plaintiff must recover upon the justice and conscience of his case, and on that *55 only: 1 Chitty’s Pleadings, 491. The case referred to by the counsel for defendant in error, in 10 Humph., 110, was an action of trespass for taking property; and the Court properly held, the defendant could not justify under the plea of the general issue, but must plead specially his matters of defense. The case in 5 Mass., 385, went off on the construction of a statute of that State. Since the adoption of the revised rules of pleading in England, the principles of the common law have been changed upon this point. These rules are not in force in this State, and we must follow the common law system of pleading, which has been adopted in this case, under the provisions of the Act of February 14th, 1860, which is a part of our system of jurisprudence. We are, therefore, of opinion, the Court erred in his instructions to the jury upon this point, and we are constrained to reverse the judgment. Other exceptions were taken to the charge and ruling of the Court, in which we think there is no material error.
The judgment will be reversed, a new trial awarded, and' the cause remanded.