INHABITANTS OF CONCORD *vs.* GEORGE M. DELANEY & others.

*Illegal contract—recovering back money paid under.*

If the parties to an illegal contract are not in *pari delicto*, the party which has been taken advantage of by the one receiving the money, may recover it back in an action for money had and received.

The plaintiff town, at a legal meeting called for the purpose, "voted to raise six hundred and twenty-five dollars to each man who enlists to fill Concord's quota on the last call," and that "the selectmen hire money and pay the volunteers after they are mustered into the Unites States service." Thereupon the selectmen hired the money and paid fifty-four hundred dollars to the defendants, who fraudulently assured them that pursuant to their contract with the selectmen, the defendants had caused to be enlisted, accepted, and placed to the quota of the plaintiff town nine men for three years each, when in fact eight of the men were enlisted and credited for one year only. In an action for money had and received to recover back the money paid, *Held,* that the action is maintainable, without first placing the defendants in *statu quo.*

ON REPORT.

The writ was dated Dec. 20, 1866, and was served on Frank Davis only, who alone appeared.

The declaration was as follows :

In a plea of the case, for that the defendants at said Augusta, to wit, at said Norridgewock, on the 30th September, A. D. 1864, then being copartners, as aforesaid, in consideration that the plaintiffs would pay them within a reasonable time the sum of five thousand and four hundred dollars, agreed with and promised the plaintiffs that they would furnish them with nine men, to be accepted, placed upon, and allowed on the quota of said town of Concord, under the call of the then president of the United States of America, for five hundred thousand men, of July 18, 1864, and that each of said nine men should be procured, enlisted, accepted, and placed to the credit of said town of Concord for a term of service of three years, and so that the town of Concord should thereafterwards derive and enjoy all the advantages, privileges, and exemptions resulting from having nine men each for a term of service of three years placed upon the quota, and passed to the credit of said town of Concord. And the plaintiffs did then and there agree with and promise the defendants, in consideration of the aforesaid agreement and promise of the defendants, that they would pay them the said sum of five thousand and four hundred dollars, to wit, in a reasonable time, and before or as soon as the said nine men should be put in and allowed upon the quota of Concord, and placed to the credit of said town in manner aforesaid.

And the plaintiffs aver, that the defendants, on said 30th of September, and on the fifth day of October, A. D. 1864, and on the days between said 30th of September and 5th of October, did cause to be enlisted and accepted and placed to the credit of and allowed on the quota of said town of Concord nine men, and they promised that each of said nine should be so enlisted, put in, and placed for the term of three years, as aforesaid ; and that they then and there informed and assured the plaintiffs that each of said nine men had in fact been so enlisted and put on the quota of and placed to the

credit of said town of Concord, as aforesaid, for the term of three years.

And the plaintiffs aver, that, relying on said promises of the defendants, and upon the said statements and assurances of the defendants, they then and there, to wit, on said 30th of September and said 5th of October, paid to the defendants fifty-four hundred dollars, the property of said town aforesaid. And the plaintiffs further aver, that on the 19th of December, 1864, a call was only made by the president of the United States of America for three hundred thousand men for the army of the said United States, and that such orders were duly made, and such proceedings were had that a call was made upon said town of Concord, and said town of Concord was duly and legally required to furnish twelve men under the said call of the president of the 19th of December, 1864, to wit, on the

day of February, A. D. 1865, excepting and less one man that the plaintiffs had furnished and caused to be placed to the credit of their said town subsequently to said 5th of October, 1864. And the plaintiffs aver, that until said call last mentioned was made on them, they verily believed, being deceived by the aforesaid information and assurances of the defendants, and particularly by said Delaney, which information and assurances were false and fraudulently made for the purpose of deceiving them, that each of said nine had been put in and placed to the credit of said town of Concord for the term of three years, whereas in fact only one of said nine men had been so put in and placed for the term of three years, and each of the other eight men had been so put in and placed for the term of but one year, all of which was well known to the defendants on the said several days of September and October, 1864.

And the plaintiffs further aver, that in consequence of the nonperformance by the defendants of their said promise and agreement, their said town of Concord was. obliged to furnish, and that they did actually furnish, under said last call of the president, eleven men more than they would have been obliged or required to furnish, in case the defendants had performed their said promises, and that they procured in April, 1865, to wit, on the 1st day of said

April said eleven men, for whom they were obliged to pay fifty-five hundred dollars, to take the place of men that had been drafted on said call upon the plaintiff town, and were also subjected to the expenditure of much time and money in obtaining, finding, and procuring said men, to the amount and value of two hundred dollars, making fifty-seven hundred dollars and interest from said first of April, 1865, as the amount of damages and loss sustained by the plaintiffs by reason of the non-performance by the defendants of their said promises.

Also, for that the defendants, at said Augusta, to wit, at said Norridgewock, on the 5th of October, 1864, being indebted to the plaintiffs in the sum of fifty-four hundred dollars, for so much money at and before that time had and received by the defendants to the plaintiffs' use, in consideration thereof then and there promised the plaintiffs to pay them said sum and interest thereon from that date on demand.  (Under this count the plaintiff will claim the same sum of $5400 and interest thereon described in the first count as having been by them paid to the defendants upon the facts stated in said first count, and upon the facts that the money was obtained from them by defendants upon the false and fraudulent assurance, statements, and representations and promises of defendants, and particularly of the defendants, Delaney and Davis.)

The defendant, Davis, pleaded the general issue, together with a brief statement that he, Davis and Yates, faithfully and fully performed all contracts made between them and the plaintiffs ; that all of such contracts were contrary to the statutes of the State and of the United States, and were expressly prohibited by such statutes, and were also against the spirit and policy of such statutes, and against public policy, all of which the plaintiffs well knew, and were therefore wholly illegal and void, and no action can be maintained by these plaintiffs thereon, or upon any matter growing out of the same or connected therewith, or to recover back anything paid to the defendants and to said Delaney and Yates under such contracts.

The plaintiffs proposed to prove the allegations in the first count in the declaration except as modified by the following statement :

That soon after Oct. 5, 1864, Corydon Felker, one of the select-men of plaintiff town, ascertained that some of said nine men had been placed on the quota of Concord for one year and not for three years; that he thereupon called upon Delaney and Davis to perform said agreement or settle on account of the non-performance, and to pay back so much of the money as they ought to; that Delaney promised in presence of and with no objections by Davis, repeatedly at different times during said October, that he would ascertain how many had been put in for one year, and would make everything right; that after being called on several times, and at each time giving similar assurances, he finally, in said October, told Felker that he would do nothing about it; that Felker, during 1864, was one of the selectmen of Concord; that the selectmen agreed together to procure only three years men, and not to procure any one year men, and to obtain them if possible for $600 each, and that it was agreed by and between them, that said Felker should go to Augusta to effect said object; that said Felker, in all his aforesaid doings, acted in behalf of said town and with the concurrence of the other selectmen.

That said Delaney, Davis, and Yates were, during said September and October, partners, engaged in filling the quotas of towns under said call; that they did and had been accustomed to fill the quotas for many towns in Maine, and had within a few days previously filled the quotas for other towns at six hundred dollars for three years men, and at five hundred dollars for one year men, and at other rates.

It appeared that at a meeting of the town of Concord, legally notified and held Oct. 1, 1864, under the following articles in the warrant:

" Art. 2. To see how much money the town will vote to raise, to fill Concord's quota the present call."

" Art. 3. To act on any other business that may properly come before said meeting."

The town took the following action :

"Art. 2. Voted, to raise $625 to each man who enlists to fill Concord's quota on the last call."

"Art. 3. Voted, the selectmen shall hire money and pay the volunteers after they are mustered into the United States service."

The case was reported to the full court with the stipulation that if upon so much of the proposed evidence as is legally admissible the action is maintainable, it is to stand for trial.

*J. S. Abbott*, for the plaintiffs.

*D. D. Stewart*, for the defendants.

The alleged contract under which the plaintiffs claim is illegal. *Concord* v. *Delaney*, 56 Maine, 204.

Whether the plaintiffs proceed under their general or special count, the facts upon which they claim to recover are the same, and no action can be maintained upon them.

When the contract between the parties is in violation of a statute provision, or against its spirit and policy, and one pays money to the other under such contract, no action lies to recover damages for its non-execution by the other, nor to recover back any part of the money paid. *Perkins* v. *Savage*, 15 Wend. 413; *Burt* v. *Place*, 6 Cow. 431; *Bank of the United States* v. *Owen*, 2 Pet. 539; *Buckman* v. *Bryan*, 3 Denio, 340; *Canaan* v. *Bryce*, 3 B. & Ald. 179, 185; *Nellis* v. *Clark*, 20 Wend. 24, 32; *Smith* v. *Hubbs*, 1 Fairf. 76–78; *Nellis* v. *Clark*, 4 Hill, 424; *Wheeler* v. *Russell*, 17 Mass. 258, 281; *Pattee* v. *Greeley*, 13 Met. 286; *Gregg* v. *Wyman*, 4 Cush. 322, 325, 331; *Morton* v. *Gloucester*, 46 Maine, 521, 523; *Pope* v. *Linn*, 50 Maine, 85; *Benson* v. *Drake*, 55 Maine, 558, 559.

The truth or falsity of the statements, alleged to have been made by the defendants, could have been instantly ascertained by the plaintiffs by the exercise of the least diligence at the provost-marshal's and adjutant-general's offices. *Pratt* v. *Philbrook*, 33 Maine, 17; *India Rubber Co.* v. *Adams*, 23 Pick. 256.

The plaintiffs never having restored, or offered to restore, the consideration received from the defendants, but having retained it,

cannot maintain assumpsit. 1 Chit. Pl., 355, 356; Chit. on Cont. (5th ed.), 741, 743; Story on Cont. (3d ed.), § 848 (a); *Hunt v. Silk*, 5 East, 448; *Hudson v. Robinson*, 4 M. & S. 475; *Watson v. Earl of Charlemont*, 12 Ad. & El. N. S. 860; *Clark v. Auchmaty*, 1 El. Bl. & El. 148 (96 Eng. Com. Law), 148; *Minor v. Bradley*, 22 Pick. 457; *Tisdale v. Buckmore*, 33 Maine, 463; *Connor v. Henderson*, 15 Mass. 319; *Norton v. Young*, 3 Greenl. 30; *Junkins v. Simpson*, 14 Maine, 364; *Coolidge v. Brigham*, 1 Met. 547; *Croft v. Wilbur*, 7 Allen, 249; *Cook v. Gilman*, 34 N. H. 557; *Garland v. Spencer*, 46 Maine, 530.

The only remedy upon the facts as alleged is by an action on the case. *Garland v. Spencer*, 46 Maine, 530; *Hogan v. Weyer*, 5 Hill, 389; *Clark v. Auchmaty*, 96 E. C. L. 148; *Percival v. Hitchborn*, 56 Maine, 580.

A mere promise is never a ground of fraud. *Boyd v. Stone*, 11 Mass. 349; *Greer v. Greer*, 18 Maine, 18.

DICKERSON, J. There was no statute authorizing the selectmen of the plaintiff town to make the contract declared on in the plaintiffs' writ, nor has any statute been since passed ratifying or confirming that contract. The powers of towns and town officers being derived exclusively from the statutes, the contract made by the selectmen was illegal and void. While no action can be maintained on the special counts in the plaintiffs' declaration, an action may be maintained on the count for money had and received, if the plaintiffs are able to prove the necessary facts upon a trial of the case. *Inhabitants of Concord v. Delaney*, 56 Maine, 204.

The rule of law is, that where the cause of action arises, *ex turpi causa*, from the violation of a positive law, or of public policy, and the parties are *in pari delicto*, the court will not enforce the agreement of the parties by compelling its execution, or the payment of damages for not executing it, or the recovery back of what has passed under it, but will leave the parties where it finds them. The object of the law is to prevent the contemplated wrong if the contract be executory, and to punish the wrong-doer by leaving him

to the consequences of his own misconduct, if the contract be executed. *Smith* v. *Hubbs*, 10 Maine, 76; *Nellis* v. *Clark*, 20 Wend. 32; *Burt* v. *Place*, 6 Cow. 491; *Best* v. *Strong*, 2 Wend. 319; *Denny* v. *Lincoln*, 5 Mass. 385.

But if the parties to an illegal contract are not *in pari delicto*, the party who has been oppressed, or taken advantage of by the party receiving the money, may recover it back in an action for money had and received. *Worcester* v. *Eaton*, 11 Mass. 376; *Bliss* v. *Thompson*, 4 Mass. 491.

And no privity of contract between the parties is necessary to support this action, except what results from the defendants having the plaintiffs' money, which he has no right conscientiously to retain. *Mason* v. *Waite*, 17 Mass. 553; *Hall* v. *Marston*, 17 Mass. 401.

The action for money had and received is an equitable action, and lies where the defendant has received or obtained the possession of the money of the plaintiff, which in equity and good conscience he ought to pay over to him. (But the equitable nature of this form of action is available for the defendant as well as the plaintiff; and he may go into any equitable defense and claim every equitable allowance with respect to the whole or a part of the plaintiff's claim). 2 Greenl. Ev. § 127; *Lockwood* v. *Kelsea*, 41 N. H. 188.

In the case at bar no contract was made by, nor were any representations made to the plaintiffs, or any person authorized to act for them in the premises. There was no illegality or misconduct on their part. They are not *in pari delicto* with the defendants, and are not on that account estopped from maintaining this action. Nor are they required, as a prerequisite to maintaining this suit, to place the defendants in the position they were before the contract was entered into, as they made no contract with the defendants. The selectmen, it is true, were intrusted with the money of the plaintiffs, but it was for other purposes than that contemplated in their contract with the defendants. They improvidently and without authority paid over the plaintiffs' money to the defendants, on account of their false and fraudulent assertions and representations.

The defendants withheld from the plaintiffs the money thus wrong-fully obtained. The law will not sanction their wrong by denying to the plaintiffs the equitable remedy which they seek. In equity and good conscience, as well as in law, the money sued for belongs to the plaintiffs as fully and completely as it did before it was deliv-ered to the defendants, unless they have equitably appropriated it in whole or in part to the benefit of the plaintiffs. Upon a trial of the cause the rights of the parties may be equitably adjusted; for, in resorting to this equitable form of action, the plaintiffs concede the equitable right of the defendants to go into every equitable defense and show on trial that, *ex æquo et bono*, they are not liable for the whole or any part of the plaintiffs' demand. *Eddy* v. *Smith*, 13 Wend. 490.                    *Case to stand for trial.*

APPLETON, C. J.; CUTTING, KENT, WALTON, and BARROWS, JJ., concurred.