Putnam, J.
It has been contended for the tenants, that inasmuch as the demandant released her right with her husband to the mortgagee ; and as a creditor of her husband has taken and sold, upon an execution, his right to redeem, and held that estate for more than one year, that the title of the mortgagor has been completely divested, and his widow effectually precluded from her dower; and that the payment, which the tenant of the mortgagor made, even if it should be considered as made by the mortgagor himself, cannot procure any advantage to him ; as he had at that time no right to *457 redeem, two years having then elapsed after that right had been taken from him by the execution. Such payment was, it is contended, merely voluntary, *and the tenants may [ * 566 ] avail themselves of it; they having a right to hold the estate against all persons, excepting only the mortgagee and his assigns.
This result, however inequitable, would seem to follow, if the mortgagor was litigating in a court of law with the tenants. But the mortgagor is dead; and it is his widow, who claims justice at the hands of the tenants. She happily may avail herself of the payment of the mortgage money. The tenants do not claim under the mortgagee. The debt has been paid, to secure which the mortgage was given. Why then should it be set up as a bar against the demandant ? If no mortgage had been given, it would be agreed on all hands, that the widow should have dower. But the mortgage, having been paid, is to be considered as never having existed. The only obstruction in her way has been removed; for which she owes no thanks to the tenants. Her claim was affected only as between her and the mortgagee and his assigns. They are satisfied, and her rights are restored.
There is another view, in which it may be useful to consider this case. For certain purposes the mortgagee is considered as technically seised; but until the right of the mortgagor be foreclosed, the mortgage is, in effect, but a pledge. The mortgagor is seised of such an estate as may be granted, as may descend to his heirs, as may be levied upon by execution ; and the purchaser, or the execution creditor, is considered as having such a seisin, as may enable him to maintain actions against strangers. If a wife should die seised of such an estate, it would be such a seisin and estate, as would entitle her husband to be a tenant by the courtesy; and when the husband has been seised of such an estate during the coverture, his widow is dowable; and she would have a right to redeem the same.—12 Mass. Rep. 278, Snow vs. Stevens.—1 Atk. 603, Casbourne vs. Scarfe.—7 Mass. Rep. 138.

Judgment for the demandant.