## KNAPP *v.* HOBBS.

In assumpsit for money had and received, brought to recover the price of an ox mortgaged to the plaintiff, the defendant offered to prove that he permitted the mortgagor of said ox to place him in a car, hired by the defendant, with a lot of sheep which the defendant owned and was sending to L., the defendant being ignorant of the mortgage or of any claim, by the plaintiff upon the ox; that by request of the mortgagor the defendant asked a butcher at L. to take the ox from the car, butcher, and sell it, and hand the avails (less his commission) to the defendant,—which was done; and the defendant handed said avails to the mortgagor, receiving nothing for the transportation of the ox, or his services concerning it; and that all he did regarding said ox was done as a neighborly kindness to the mortgagor. *Held,* that the evidence offered constituted no defence to the action.

To maintain assumpsit for money had and received, it is, as a general rule, essential to prove that the defendant or his agent actually received money for the benefit of the plaintiff, under such circumstances as to create a privity of contract between the defendant and the plaintiff; but there need be no other privity than that which results from one man's having another's money, which he has no right, conscientiously, to retain. In such a case, the equitable principle upon which this form of action is founded implies the contract and the assumpsit.

ASSUMPSIT, by Arthur Knapp against Reuben Hobbs, for money had and received. Plea, the general issue. The suit was brought to recover the price of an ox mortgaged, with others, by one Huckins, to the plaintiff, and taken afterwards by the defendant, and sold by him, and the price paid to him. The making of the mortgage was proved; and the plaintiff's evidence tended to show that the mortgagor afterwards sold the ox to the defendant, and that he took it to market, sold it, and received the price of it.

The defendant offered to prove as follows: That he neither bought of Huckins the ox in question, nor sold it for him; that he permitted said Huckins, at his request, to put the said ox in a car, hired by the defendant of the railroad, with a lot of sheep which the defendant owned and was sending to Lowell, and that said ox was transported on said car to Lowell; that, likewise, by request of said Huckins, the defendant asked a butcher in said Lowell to take said ox from the car, butcher, and sell it, and to hand the avails (less his commission) to the defendant, to be by him handed to said Huckins; that said ox was so butchered and sold, and the avails ($61.40) handed to the defendant, who handed the same to Huckins long before he knew that the plaintiff had any claim whatever upon the ox; that said Huckins himself put the ox into said car, and the said butcher took the ox from said car; and that the defendant never·had the said ox in his possession,

except in so far as it may be deemed to have been in his possession by reason of the defendant's permitting it to be transported in said car with the defendant's sheep; that the defendant never asked anything for the transportation of said ox, and nothing was ever paid him therefor; and that all that he did regarding said ox was done as a neighborly kindness to said Huckins; and that he did nothing whatever except as herein stated.

The court ruled, *pro forma*, that the evidence offered was no defence to the action, and the defendant excepted; and thereupon, there being no other objection to the plaintiff's recovery, a verdict was directed for the plaintiff for the amount so received by the defendant, which was determined by the agreement of the parties, and a verdict rendered accordingly.

The defendant moved for a new trial for so rejecting the evidence offered by him.

*Putnam and H. & G. A. Bingham*, for the plaintiff.

*W. A. Flanders and Carpenter*, for the defendant.

Foster, J. A mortgagee of personal property is to be regarded as having the legal estate for the purpose of all lawful protection of his interests. And, under the provisions of the statute, a record of the mortgage renders the same valid as against all the world, as effectually as an open change of possession and actual notice. *Smith* v. *Moore*, 11 N. H. 61; *Hoit* v. *Remick, ibid* 289. If a mortgagor of personal property, or any one claiming under him, sell the mortgaged property, as owner, in exclusion of the rights of the mortgagee, such sale is a conversion, and the mortgagee may maintain trover. *White* v. *Phelps*, 12 N. H. 382. And it would seem to be quite immaterial, so far as the plaintiff is concerned, whether the party thus intermeddling with his property received and enjoyed for his own profit and advantage the avails of the sale, or whether, as the mere agent and servant of another, he was no more than the transient carrier and mandatary of his principal: in either case he is instrumental in the removal to a distance, and out of the power of control of the mortgagee, the property to which he has no title. Neither does it make any difference, so far as the mortgagee is concerned, that the defendant may, in fact, be totally ignorant of the mortgagee's title, and may suppose that the mortgagor, from whom he receives the property, has the right to control and dispose of it.

Thus, where a mortgagor, retaining possession after the record of the mortgage, for the purpose of cheating and defrauding the mortgagee, sent the mortgaged goods to an auctioneer, by whom they were sold and the proceeds paid over to the mortgagor,—it was *held*, that the mortgagee might maintain trover against the auctioneer, though he was no party to the fraud, and had no actual knowledge of the mortgage. *Coles* v. *Clark*, 3 Cush. 399;—and see *Brackett* v. *Bullard*, 12 Met. 308; *Farebrother* v. *Ansley*, 1 Campb. 343; *Adamson* v. *Jarvis*, 4 Bing.

66 ; *White* v. *Phelps*, before cited ; 2 Hilliard on Mortgages 243, 330. And if the principal is a wrong-doer, the agent, however innocent in intention, who participates in his acts, must be regarded, in law, as a wrong-doer also. Story on Agency, § 312.

By the record of the mortgage he is charged, in law, with notice of the title ; and although, in a particular instance, the operation of the rule which thus charges all the world may work a hardship, yet the abrogation or suspension of the rule would obviously work a greater mischief in a multitude of cases.

There can be no valid objection to the form of the present action. As to the plaintiff, the defendant is a wrong-doer, and is liable in tort ; but, says WOODBURY, J., in *Chauncey* v. *Yeaton*, 1 N. H. 154, "if the wrong-doer hath sold, or used and then sold the property, the owner may waive the tort, and in assumpsit recover the net proceeds received both for the use and by the sale. The amount recoverable in assumpsit cannot, upon general principles, operate unfavorably to the trespasser. In an action *ex contractu*, nothing can be obtained from him except what has in fact been received for the use and by sale of the property ; while in one *ex delicto*, he may be subjected vindictively to pay much more than the real value of the article converted. Considering him, therefore, in the words of JACKSON, J., in *Cummings* v. *Noyes*, 10 Mass. 436, as a ' purchaser, or agent, or a bailee ' gives him no just cause of complaint, because it visits on him no actual loss, the amount recovered being merely the amount obtained as the fruits of the trespass." And see *Kimball* v. *Jackman*, 42 N. H. 242 ; 1 Hilliard on Torts 44. And the limitation upon the general principle of waiver of tort, as decided in *Smith* v. *Smith*, 43 N. H. 536, that it is permissible only where the party charged has sold the property and received the money for it, does not affect the position of this case,—the substance of it being that if trespass or trover will lie, in such case defendant cannot complain that plaintiff has chosen a milder form of action.

Lord MANSFIELD calls the action of assumpsit for money had and received " a liberal action founded upon large principles of equity," and applicable wherever the defendant having received money cannot conscientiously retain it. *Sadler* v. *Evans*, 4 Burr. 1,985 ; *Moses* v. *Macferlan*, 2 Burr. 1,005 ; Chitty on Contracts 673, note *(f)*.

To support the count, it is, as a general rule, necessary to prove that the defendant or his agent *(Coates* v. *Bainbridge*, 5 Bing. 58) actually received money for the benefit of the plaintiff, under such circumstances as to create a privity of contract between him and the plaintiff. Chitty on Contr. 673 ; *Hutchins* v. *Gilman*, 9 N. H. 359.

But there need be no other privity of contract in order to support this action than that which results from one man's receiving another's money which he has no right conscientiously to retain. In such a case the law and the equitable principle upon which the action is founded imply the contract and the assumpsit. *Mason* v. *Waite*, 17 Mass. 563 ; *Hall* v. *Marston*, *ibid* 579 ; *Penniman* v. *Patchin*, 5 Vt. 346.

The result in this case is not at variance with the equity which is

said peculiarly to characterize this form of action.   By the agency of this defendant the plaintiff's ·property has been removed to a distance, and although the purchaser has not acquired a title to the ox, nor the plaintiff's title been devested, yet he cannot regain possession of the property without great inconvenience and expense.   And although both parties to the cause may be equally innocent in fact, if either must suffer through the rascality of a third party, he should bear the burden who has been actively instrumental in the removal of the other's property ; and he must seek his remedy at the door of his own principal in the transaction.

The ruling of the court excluding the proposed testimony was correct.                                                  *Judgment on the verdict.*