[No. 1153.]

# M. ROSENDORF, Respondent, *v.* E. MANDEL et al., Appellants.

Action Against Sureties—Damages—Injunction Bond—Sufficiency of Complaint.—In an action, to recover damages, against the sureties on an injunction bond, the complaint alleged that "plaintiff has been damaged by reason of said injunction in the sum of three thousand dollars, no part of which has been paid:"    *Held*, in the absence of a special demurrer, that the averment was sufficient.

Idem—Demand, When Not Necessary.—In an action against sureties on an injunction bond, conditioned for the payment to the plaintiff of whatever damages he might sustain by reason of the injunction, it is unnecessary to allege a demand.

Application of Money—Rights of Creditors.—The injunction order restrained the sheriff from applying any moneys realized from the sale of certain property of the judgment debtor to the satisfaction of plaintiff's judgment.    Upon the sale the sheriff, in lawful obedience to this order, refused to credit plaintiff's judgment with his bid, and thereby prevented him from purchasing the property :    *Held*, that the damages resulting to plaintiff from such refusal may be recovered in an action against the sureties on the injunction bond.

Appeal from the District Court of the First Judicial District, Storey County.

*Napthaly, Freidenrich & Ackerman* and *J. A. Stephens*, for Appellants:

I. The complaint does not state facts sufficient to constitute a cause of action. There is no allegation therein of breach of the contract, upon which the action is based. The complaint does not contain any allegation that the plaintiffs in the action, in which the injunction was issued, have not paid to the parties enjoined such damages as they sustained by reason of said injunction. It does not contain any allegation that said plaintiffs have not paid plaintiff, M. Rosendorf, the damages which he sustained by reason of said injunction. It is not alleged that a demand for the payment of said damages was ever made upon said plaintiffs. (*Morgan* v. *Menzies*, 60 Cal. 341 ; 1 Chitty Pl. 332, 337 ; Brandt on Suretyship, secs. 168, 410 ; *Kannon* v. *Neely*, 10 Humph. 288 ; *Sage* v. *Wilcox*, 6 Conn. 81 ; 2 Par. Con. 29.)

II. Defendants are not liable, because of the refusal of the sheriff to credit plaintiff's bid upon his judgment. Defendants have a right to stand upon the very terms of their contract and every intendment is to be construed in their favor. (Brandt on Suretyship, secs. 79, 98, 102 ; *Miller* v. *Stewart*, 9 Wheat. 680 ; *Tarpey* v. *Shillenberger*, 10 Cal. 390.) By ordering or permitting or consenting to the second sale the plaintiff necessarily waived all rights, if any, which he had acquired under the first sale. Under the first sale plaintiff had acquired a right to have the sale completed ; he was the highest bidder and his bid had been accepted. (Her. on Ex. 318, note 5.) It is manifest that the second sale could not have been had except by direction of plaintiff Rosendorf, hence we maintain that all rights which plaintiff had acquired under the first sale were waived by his consent to the second sale. (*Lally* v. *Wise*, 28 Cal. 539.) To charge the sureties because the sheriff would not sell the property except for ready cash would enlarge the terms of their contract. Defendants are entitled to a strict construction of their contract.

III. The sheriff was not bound to accept plaintiff's judg-

ment in satisfaction of his bid. (*Isler* v. *Colgrove*, 75 N. C. 334.)

*W. E. F. Deal*, for Respondent:

I. The complaint sufficiently avers the breach of the contract upon which the action is based.

II. The commencement of the action is a sufficient demand. When an obligation to pay is complete, a cause of action at once arises and no formal demand is necessary before suit. (*Randon* v. *Barton*, 4 Tex. 289; *Edwards* v. *Bishop*, 4 N. Y. 61; *Chason* v. *Rankin*, 1 Duer 337; *Brown* v. *Jones*, 5 Nev. 374; *State* v. *Grape*, 36 Mo. 365; *Watson* v. *Walker*, 23 N. H. 471.)

III. The sureties were liable for any damages caused by the refusal of the sheriff to credit plaintiff's bid upon his judgment. The sheriff was bound to accept a credit on respondent's execution in satisfaction of his bid. He had the right to have the respondent pay him the amount of his fees, etc., and this the respondent did; but beyond this he could claim nothing except that respondent credit the amount of his bid upon the execution. (*Sweeney* v. *Hawthorne*, 6 Nev. 133.) When the judgment-creditor makes his bid within the amount of his judgment, and pays the sheriff's fees, expenses, costs of sale, etc., and offers to receipt for the amount of his bid on the execution, it is in effect a tender of cash to the amount of his bid. (Freeman on Ex. sec. 300; *Russell* v. *Gibbs*, 5 Cow. 390; *Nicholls* v. *Ketcham*, 19 John. 92.

By the Court, BELKNAP, J.:

Plaintiff recovered a judgment at law against the firm of Meyer Bros. Thereafter, J. Baum & Co., other creditors of Meyer Bros., commenced a suit in equity against the plaintiff and others to set aside the judgment, and obtained an injunction against the sheriff of the county requiring him to hold all moneys he might realize from the sale of property levied on in the case of *Rosendorf* v. *Meyer Bros.* until

the further order of the court.    Defendant in the equity suit (plaintiff here) prevailed, and the present action is brought upon an undertaking entered into upon the issuing of the injunction.    Trial was had upon the merits, and judgment rendered in favor of plaintiff.

The only question made arises upon the judgment roll, and is whether the complaint states facts sufficient to constitute a cause of action.    It is claimed that no breach of the condition of the undertaking is assigned, in that the complaint does not state that the complainants in the equity suit have not paid the damages incurred by reason of the injunction.    The complaint alleges " plaintiff has been damaged by reason of said injunction in the sum of three thousand dollars, no part of which has been paid."    This averment is sufficient.    The only objection that can be suggested is that it is general, and does not expressly state complainants have not paid the damages ; but the suggestion is without merit, and could be raised only upon special demurrer.

It is also claimed that the complaint is defective in not stating a demand.    Mr. Chitty says that a demand must be averred when, by the terms of the contract, it is incumbent on the plaintiff to request the defendant to perform his contract, such request being, as it were, a condition precedent.    (Chit. Pl. 340.)    But this is not a case in which a request is necessary to the right of action.    The condition of the undertaking is that the complainants in the equity suit will. pay to the parties enjoined such damages, not exceeding one thousand five hundred dollars, as they may sustain by reason of the injunction, and no demand or other act upon the part of the plaintiff here is contemplated.    Defendants covenanted that plaintiff should be paid.    He was not paid. They were therefore in default, and no demand was necessary.    (*Gibbs* v. *Southam*, 5 Barn. & Adol. 911; *Dyer* v. *Rich*, 1 Met. 180 ; *Nelson* v. *Bostwick*, 5 Hill 40.)

The injunction order restrained the sheriff from applying any moneys that might be realized upon the execution sale of the property of defendants, in the case of *Rosendorf* v. *Meyer Bros.*, to the satisfaction of the judgment, and

directed him to hold such moneys until the further order of the court. . Upon the sale, the sheriff refused to credit plaintiff's judgment with his bid, and thereby, plaintiff alleges, he was prevented from purchasing the property, and damaged. In general, the law does not require the execution creditor to pay the amount of his own bid in money, because the creditor is himself entitled to receive the money recovered upon his execution. He is not, therefore, required to pay out money which he is entitled to recover back. But the purpose of the injunction was to preserve the moneys that might be realized from the sale of the property of the judgment debtor until the rights of the creditors could be determined, and this purpose would have been disregarded, and the order of the court violated, had the sheriff credited plaintiff's bid upon his judgment. The sheriff properly refused to deliver the property until he received the money, and his refusal was made in obedience to the injunction. The damage resulting is chargeable against defendants upon their undertaking.

Judgment affirmed.