Argument for Appellant.

[No. 1203.]

# WHITE PINE COUNTY BANK, RESPONDENT, *v.* R. SADLER, APPELLANT.

PLEADINGS — COMMON COUNTS IN ASSUMPSIT — MONEY HAD AND RECEIVED. — In all cases where there is nothing remaining to be done except the payment of money by the defendant, the plaintiff may declare generally upon the common counts; and the facts which create the indebtedness or. liability need not, in order to sustain the count of money had and received, be stated in the complaint.

IDEM — DEMAND. — If the defendant has money in his hands which it is his duty to pay over to plaintiff without demand, no demand before suit is necessary.

IDEM — INTEREST OF PLAINTIFF — WHEN SUFFICIENT TO MAINTAIN ACTION. — One Leyshon assigned a certain judgment to the defendant, Sadler, with instructions to collect the money due thereon, and after paying certain demands, to pay the balance to one Garber. Leyshon thereafter gave an order to the plaintiff upon Garber for this balance, which order was accepted. Defendant had a balance which he failed to pay over to Garber. *Held,.* that the fact that the plaintiff .had received an order upon Garber for this money created such an interest therein as entitled it to bring and maintain this· action.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts are stated in the opinion.

*Henry K. Mitchell,* for Appellant:

I. There is no contract, express or implied, between plaintiff .and defendant; neither is there any privity of contract.

The general rule of law is, that there must be a privity of contract between plaintiff and defendant in order to render the defendant liable in an action by the plaintiff on the contract. The facts charged in the complaint do not bring plaintiff within any of the stated· exceptions to this rule. (Chit. on Pl. 4, et seq., note n. n.; 1 Whar. on Con. 506, 784; *National Bank* v. *Grand Lodge,* 98. U. S. 123; *Vrooman.*v. *Turner,* 69 N. Y. 280;[1] *Mellen* v. *Whipple,* 1 Gray; 321; *Willard* v. *Baldwin*, 3 Gray, 484; *Treat* v. *Stanton,* 14 Conn. 445; *Morrison* v. *Beckey,* 6 Watts, 349; *Carr* v. *National S. B.,* 107 Mass. 45;[2] *Exchange Bank* v. *Rice,* 107 Mass. 41.[3])

II. The count for money had and received is totally insufficient. There is not any demand alleged. A demand is

---

1   25 Am. Rep. 195.          2   9 Am. Rep. 6.          3   9 Am. Rep. 1.

essential. *Reina* v. *Cross*, 6 Cal. 31; *Greenfield* v. *Grinnell*, 6 Cal. 68; *Walrath* v. *Thompson*, 6 Hill, 540; *Downes* v. *Phœnix Bk.*, 6 Hill, 297.)

III. To entitle the plaintiff to recover in this action, it should appear by the complaint, first, that an intent existed in the mind of Sadler to secure some benefit to plaintiff; second, that some privity existed between Sadler and the plaintiff; third, that some obligation or duty was owing from Sadler to the plaintiff, which would give to plaintiff a legal or equitable claim to the benefit of the promisee, or an equivalent from him personally. (*Vrooman* v. *Turner*, 69 N. Y. 283.[1])

*Baker & Wines*, for Respondent:

I. The second count of the complaint states a cause of action, being a count for money had and received. (1 Est. Pl. 464; *Wells* v. *American Ex. Co.*, 49 Wis. 224;[2] *Caussidiere* v. *Beers*, 2 Keyes, 198.)

II. The complaint containing two counts, and the demurrer being general and going to the whole complaint, and, if we have shown that the second count states a cause of action, then the demurrer was properly overruled. (*Whiting* v. *Heslep*, 4 Cal. 327; *Weaver* v. *Conger*, 10 Cal. 234; *Griffiths* v. *Henderson*, 49 Cal. 566; Bliss on Code Pl., sec. 417.)

III. No demand was necessary under the facts of this case. (*Stacey* v. *Graham*, 14 N. Y. 492.)

By the Court, HAWLEY, J.:

The appeal in this case, there being no assignment of errors specified in the statement on motion for new trial, presents but one question for our consideration, viz., Does the amended complaint state facts sufficient to constitute a cause of action? The action is for money had and received. There are two counts in the complaint. The first alleges, in substance, that one W. T. Leyshon was indebted to plaintiff in the sum of $2,500; that said Leyshon obtained a judgment against the Albion Con. M. Co. for $2,600; that Leyshon was indebted to defendant Sadler and others; that in order to secure the payment of his indebtedness to the defendant, to P. N. Hansen, and to E. R. Garber, he assigned his judgment against the Albion Company to the defendant, " with instructions to col-

lect the said judgment and retain his own demand, amounting to the sum of five hundred dollars or thereabouts, to pay the claim of P. N. Hansen, above mentioned, and to deliver to E. R. Garber, the attorney of the said W. T. Leyshon, the balance of the money derived from the said judgment"; that the defendant sold and assigned the judgment to Prentiss Selby for $2,600; that after paying all demands which he was instructed and authorized to pay out of the same, there remained in the defendant's hands the sum of $1,591 belonging to Leyshon, which should have been delivered to E. R. Garber, under and by virtue of the arrangement between Sadler and Leyshon; that Leyshon, for the purpose of paying his indebtedness to the plaintiff, made and delivered to plaintiff an order upon E. R. Garber, for the money coming into his hands from the defendant, which order was accepted by Garber, he agreeing, in writing, to perform the request mentioned in the order, provided he received the money from Sadler; that the defendant had notice that this money had been assigned to plaintiff, "and knew of the existence of said order, and that all money in his hands was assigned and transferred to this plaintiff by virtue thereof"; that the amount due Garber from Leyshon was $250, which the defendant paid; that Garber had no further interest in said fund, and was to receive the balance from the defendant, as the agent of said Leyshon, to pay it over to the plaintiff; that the defendant, although often requested, has failed, neglected, and refused to pay said money to Garber in accordance with the agreement between him and Leyshon, and refuses to pay the same, or any part thereof, to plaintiff.

The second count alleges that " upon the twentieth day of May, 1883, the defendant had and received from Prentiss Selby the sum of fifteen hundred and ninety-one dollars, for the use of, and to be paid over to, this plaintiff; that the defendant, although often requested, has hitherto failed, neglected, and refused, and does still refuse to pay the same, or any part thereof, and the same is now wholly due and payable, wherefore the plaintiff demands judgment."

The objections urged by appellant against the second count of the complaint, that the words " for the use of " only state a conclusion of law, and that no demand is alleged, cannot be sustained. In determining whether the complaint state facts sufficient to constitute a cause of action, we are not required to

consider whether any objections to the form of the complaint might have been raised and held good upon special demurrer.

Mr. Chitty says: "The form of this count is extremely simple; it is merely stating that the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant, to and for the use of the plaintiff." (1 Chitt. Pl., 16th Am. ed., 362.)

Such is substantially the form generally used, and is sufficient. (2 Chit. Cont., 11th Am. ed., 899; 1 Abb. Pr. & Pl. 173; 1 Estee's Pr. & Pl., 2d ed., 349.)

In all cases where there is nothing remaining to be done except the payment of money by the defendant, the plaintiff may declare generally upon the common counts; and the facts which create the indebtedness or liability need not, in order to sustain this count, be stated in the complaint (*Grannis* v. *Hooker*, 29 Wis. 67; 2 Greenl. Ev., sec. 104); although in a case like the one under consideration it is certainly proper, and the better practice, to set forth the facts in detail in one count, as was done in this case, so as to advise the defendant of the particular facts relied upon to maintain the action. It is usual, in the common count for money had and received, to allege a specific demand for the money. But if the defendant has money in his hands, which it is his duty to pay over to plaintiff without demand, no demand before suit is necessary. (*Rosendorf* v. *Mandel*, 18 Nev. 129, and authorities there cited.) Upon the facts stated in the first count, it became the duty of the defendant to pay over the balance of the money obtained upon the Albion judgment, after deducting his own and Hansen's demands from the amount received, to E. R. Garber, without any demand being made upon him so to do.

The language of the court in *Stacey* v. *Graham* upon this point is directly applicable to this case: "Upon these facts no demand was necessary in order to maintain the action. The defendant received the fund under a positive duty to remit, and having violated that duty, he became immediately liable. He may not have known that the remittance was to be made ultimately on account of the plaintiffs, and it may be he had never heard of them. This can make no difference. He was not, in any point of view, to hold the money until called for, but was to send it forward. It is no answer to an action of this character that a demand has not been made, unless there is

something in the agreement under which the money was received, or in the circumstances attending the deposit, implying a right or duty to hold it until actually called for by the owner." (14 N. Y. 497.)

The second count is sufficient to sustain this cause of action. If, as stated in the first count, the defendant had any money which it was his duty to pay over to Garber, the fact that the plaintiff had received an order upon Garber for this money created such an interest therein as entitled it to bring and maintain this action. Wharton says: "When money is received by one party to another's use in such a way that a contractual relation may be assumed to exist between them, * * * an action for money had and received may, at common law, be maintained by the party for whose benefit the money should be held against the party holding the money. * * * Lord Mansfield, in a famous judgment (*Moses* v. *Macferlan*, 2 Burr. 1005) speaks of a suit for money had and received 'as a kind of equitable action'; and though in England this was once regarded as going too far, yet in this country, in part from the convenience of the procedure, in part in some jurisdictions from lack of a distinctive court of chancery, Lord Mansfield's opinion has been accepted in many jurisdictions, and liability maintained for money had and received in all cases in which equity would hold a party responsible for money which he ought rightfully to pay another. And even in England the preponderance of opinion is in conformity with the views of Lord Mansfield that 'where money is due *ex æquo et bono*, it may be recovered in an action for money had and received.'" (2 Whar. Cont., sec. 722.)

The evidence to show such a state of facts may be introduced under the common count for money had and received. (2 Greenl. Ev., sec. 117.)

It is true, as a general rule, that it must appear from the facts alleged in the complaint that there is a privity of contract between the plaintiff and defendant in order to render the defendant liable on the contract; but there are several exceptions to this rule, one of which is clearly applicable to this case.

In *Mellen* v. *Whipple*, cited by appellant, the court said: "*Indebitatus assumpsit* for money had and received can be maintained in various instances, where there is no actual privity of contract between the plaintiff and defendant, and where the

consideration does not move from the plaintiff. In some actions of this kind a recovery has been had where the promise was to a third person for the benefit of the plaintiff; such action being an equitable one, that can be supported by showing that the defendant has in his hands money, which, in equity and good conscience, belongs to the plaintiff, without showing a direct consideration moving from him, or a privity of contract between him and the defendant." (1 Gray, 322.)

There are numerous authorities which declare that, in order to support an action of this character, there need be no privity of contract, except that which results from one man's having another's money which he has no right to keep; and that in all such cases the law implies a promise that he will pay it over. (*Mason* v. *Waite,* 17 Mass. 563; *Caussidiere* v. *Beers,* 2 Keyes, 200; *Kreutz* v. *Livingston,* 15 Cal. 346; *Wells* v. *American Exp. Co.,* 49 Wis. 229;[1] *Lockwood* v. *Kelsea,* 41 N. H. 185; *Knapp* v. *Hobbs,* 50 N. H. 478; *Eagle Bank* v. *Smith,* 5 Conn. 75;[2] *Wiseman* v. *Lyman,* 7 Mass. 288; *Tutt* v. *Ide,* 3 Blatchf. 249; *Harper* v. *Claxton,* 62 Ala. 46; *Bahnsen* v. *Clemmons,* 79 N. C. 556.)

The judgment of the district court is affirmed.