J. B. HOUSER et al. v. W. J. McGINNAS.

*Principal—Agent—Payment—Mistake—Negligence—Equity—Knowledge of the Facts.*

One H., while acting as express agent for M., the regular agent, received, in the course of business, money sent by K. and intended for B. ; and the same was delivered to him, but no receipt was taken and no entry made. Some months after this, B. denied receiving the money, and the amount thereof was, upon demand (the transaction not being remembered), paid by H. and M. to the express company for K., who received it and had it allowed as a credit in his transaction with B. Finding afterwards, as the fact was, the money sent had been duly paid, H. brought this action against M and B. for the payment of the part he contributed to the express company : *Held*, (1) that he was entitled to recover against B., who was twice paid what was due him, and could not in good conscience hold both amounts ; (2) this action might have been maintained against B. alone and by either H. or M.; (3) negligence in the transaction does not bar recovery unless some circumstance had arisen which would make it inequitable ; (4) full knowledge of the facts by the plaintiff would not excuse B. for holding money he was not entitled to.

This was a CIVIL ACTION, heard upon demurrer of the defendant, P. C. Beam, at the Spring Term, 1891, of the Superior Court of GASTON County, before *Merrimon, J.*

The complaint was as follows:

"That heretofore, to-wit, on the 25th day of November, 1887, the defendant W. J. McGinnas was the agent at Cherryville of the Southern Express Company, a corporation doing business as a common carrier between the towns of Shelby in Cleveland County, N. C., and the town of Cherryville in Gaston County, N. C., and plaintiff was, on said day, acting as clerk or agent of said defendant in the transaction of the business of said Express Company at Cherryville; he, the said defendant McGinnas, being on said day absent from Cherryville engaged in other business.

" 2. That on said 25th November, 1887, plaintiff in the course of his business as such clerk or agent, and while defendant McGinnas was still absent, received a package containing five hundred dollars in currency from said express company, the same having been transmitted by the defendant B. K. Humphreys from the said town of Shelby, through said express company, to the defendant P. C. Beam at Cherryville.

" 3. That immediately upon the receipt of the package, and without entering the same on the books of the said express company, kept at Cherryville, known as the 'delivery book,' plaintiff carried and delivered said package of $500 to the defendant, P. C. Beam, without taking the receipt of said Beam therefor, intending afterwards to make the proper entry on said book and take the same to Beam and obtain his receipt thereon for said package, as was frequently done at said office, but plaintiff wholly forgot to make said entry or to take such receipt.

" 4. That afterwards, to-wit, on the 22d day of March, 1888, nearly four months after such receipt and delivery of said package, the defendant McGinnas demanded the payment of the said sum of $500 by the plaintiff, alleging that the said sum had been demanded of him, the said McGinnas, by said express company, upon the ground that said Beam denied its delivery to him by plaintiff, or that he had ever received the same from any source ; that the books of the route agent or messenger of said express company showed a receipt for said package signed by plaintiff, and that the said express delivery book showed no entry of said package, nor any receipt of said Beam therefor, and that said Beam denied the delivery of said package to him by plaintiff or anyone else for him.

" 5. That plaintiff, upon investigation, found the allegations of McGinnas with regard to the book of the express messenger and the delivery book to be true; and further,

that Beam denied the receipt of said package, and having, on account of the great lapse of time since the receipt and delivery of said package to said Beam, forgotten the circumstances thereof, in his surprise and confusion supposed he must either have lost or mislaid said package, and by mistake and inadvertence, being misled by the appearance of said books and the denial of Beam, he then and there acknowledged his liability therefor, and agreed to pay to said McGinnas the said sum of $500 for said Humphreys, or to be delivered by said McGinnas to the express company for said Humphreys.

"6. That thereupon plaintiff paid to McGinnas $245—all the money he could raise at the time—which sum was by McGinnas immediately paid to the express company for Humphreys, and the balance of the $500, to-wit, $255, was at the same time paid by McGinnas out of his own pocket to said express company, to be by it delivered to Humphreys.

"7. That the said sum of $500, so contributed and paid to said express company as aforesaid, was by it carried and delivered to said Humphreys at Shelby, N. C., who allowed credit therefor to said Beam in the settlement of certain dealings between them, as plaintiff is informed and believes.

"8. That afterwards, plaintiff having discovered with certainty that he did deliver said package of $500 to said Beam, as alleged in the first paragraph hereof, before the institution of this suit made demand upon the defendants McGinnas and Beam for the repayment of said sum of $245, which was refused.

"9. That neither of said defendants, nor anyone for them, have paid to plaintiff the said sum of money, nor any part thereof, but the whole thereof remains due and unpaid.

"10. That by reason of the receipt of said package of $500 on said 25th day of November, and the credit afterwards given him by said Humphreys, said defendant Beam has had the benefit of said sum of money twice, and his deten-

tion thereof is unjust and unlawful, and wrongful towards the plaintiff.

"11. That defendant McGinnas ought properly to have been a party plaintiff to this action, but he. refused to make himself a party plaintiff at the institution of this suit, and was therefore made a party defendant.

"Wherefore, plaintiff demands judgment against the defendants W. J. McGinnas and P. C. Beam for the said sum of $245, with interest from the 22d day of March, 1888, until paid, together with the costs of this action, and for such other and further relief as to the Court may seem just."

Defendant McGinnas answered, admitting all of the material allegations of the complaint. Humphreys neither answered nor demurred.

Defendant Beam demurred as follows:

"1. That the complaint does not state that the money paid by Houser to McGinnas was ever paid to the defendant Beam, or that he derived any benefit therefrom.

"2. That the complaint states a cause of action against Beam in Humphreys on account of the money sent by him to P. C. Beam, which still subsists. That said cause of action has not been extinguished by the payment of the money by Houser, nor does the complaint state any facts which amount to an assignment of said cause of action to Houser.

"3. That the complaint does not allege that the expressions therein made by Beam were ever made to Houser, or made with intent to influence Houser, or to affect him in any way, nor made with intent to deceive him or anyone else.

"4. That there are no facts or circumstances alleged in the complaint which constitute an express contract between Houser and Beam, or from which any contract could be implied, or other liability could arise on the part of Beam to Houser.

" Whereupon, defendant demands judgment that this action be dismissed, that he go without day and recover his costs of the plaintiff, to be taxed by the Clerk."

Demurrer sustained, plaintiff appealed.

*Messrs. George F. Bason* and *Jones & Tillett* (by brief), for plaintiff.

No counsel *contra.*

AVERY, J.—after stating the facts: By demurring the defendant Beam admits that the plaintiff paid over to him the sum of five hundred dollars in money, consigned by express, and failed to take his receipt, and that subsequently, under a mistake as to the fact of having previously made said payment, the plaintiff, through the defendant McGinnas, paid to the defendant Humphreys five hundred dollars, which Humphreys allowed as a credit on a debt due him . from Beam, in order to satisfy and pay a second time the claim of Beam as assignee. The money has thus been twice paid to the consignee with no new consideration, and yet he resists the plaintiff's demand for restitution, on the ground that the action could be maintained by Humphreys only, in whom the right to bring it still subsists, the company failing to show any privity between the plaintiff and Humphreys.

Where money is paid and received in discharge of a debt then believed by the payer to be due, but in fact previously paid in full by or for the debtor, the creditor is not allowed to keep double the sum due him against the demand of the debtor preferred in an action in the nature of assumpsit for the recovery of the second payment made by mistake. *Pool* v. *Allen*, 7 Ired., 120; *Mitchell* v. *Walker*, 8 Ired.; 243; *Newell* v. *March*, 8 Ired., 441; Hare on Contracts, p. 104. The defendant seems to admit this principle, but insists that Humphreys paid the debt the last time, and he alone can

maintain the action for the restitution of the amount wrongfully paid by him. The plaintiff has brought all of the parties who actually have claimed, or who, according to the contention of either party, can rightfully claim, an interest in the controversy. McGinnas admits the truth of plaintiff's allegations by answer and Beam by demurrer, while Humphreys confesses by failing to answer.

When the money was placed by McGinnas in the hands of Humphreys, as agent, to pay the claim of the defendant Beam a second time, Humphreys retained the money, but allowed Beam credit on a debt due him from the latter. This was equivalent to paying the debt in money a second time, and the arrangement was made for plaintiff, and in consideration of funds furnished by or for him. It was, in effect, a second payment by Houser. *Quod facit per alium, facit. per se.* If the facts stated in' the complaint be true, we see no reason why the plaintiff might not have maintained his action against Beam alone, treating both McGinnas and Humphreys as his agents. Houser paid $245 in money—all that he could raise—to McGinnas to be handed over to Humphreys, who was to effect the settlement with the defendant, and induced McGinnas to pay for his benefit $255, the residue of the $500. The law implies a promise by Beam to repay Houser. *Mason* v. *Waite*, 17 Mass., 563.

Where an agent, by mistake of fact, pays money for his principal, the latter may recover it back from the party who has received it. Story on Ag., § 435; Wharton's Com. on Agents, § 413; *Sheffer* v. *Montgomery*, 65 Penn. St., 329; *Farmers &c. Bank* v. *King*, 98 Am. Dec., 215, and note 221. It is a general rule, that where the money of the principal has been wrongfully paid by his agent to a stranger, either the principal or the agent may maintain an action for its recovery. 1 Lawson's Rights and Rem., § 121. But the principal cannot recover where the agent loans to one of his own creditors, who has no notice that it is the principal's money.

*Ibid.* McGinnas being entrusted by Houser, as agent, with a part of the money, and having advanced the residue for the plaintiff, might substitute Humphreys, who would be, in contemplation of law, says Mr. Wharton, "but the extension of the principal himself, introducing no new party into the contract." Wharton's Com. on Agency, §§ 33, 34. As Houser might have made Humphreys directly his agent, or might, in terms, have authorized McGinnas to constitute him a sub-agent to settle with Beam, he had the right to ratify the substitution of Humphreys by McGinnas, and thus establish a privity between Humphreys and himself, and of this Beam could not complain. But if this were not so, all of the parties being before the Court, and the mistake being admitted, it would be unconsciousable to allow the defendant to retain double the amount due him.

As it may possibly be insisted that, though the privity between the plaintiff and Humphreys be admitted, still the complaint does not state facts sufficient to constitute a cause of action, it is proper that we should consider this case in another aspect. We think that if the plaintiff, under the circumstances, actually knew he had paid the debt, and could not, at the time, prove the payment, or if his mistake of fact was negligently made, and he might, by the exercise of ordinary care have avoided falling into it, still, as between him and the defendant, who admits that the money was paid to him in full a second time, not as a gratuity, but nominally in discharge of the same debt, the plaintiff is entitled to restitution, when it can be made without loss or sacrifice on the part of the latter. His negligence in failing to find out the facts before paying the money does not prevent his recovery from one who does not deny the allegation that he received and retained double the sum justly due to him. Hare on Con., p. 233; *Bank* v. *Bank*, 43 N. Y., 445; *Line* v. *Shinnerburger*, 17 Mo. Appl., 66; *North* v. *Blow*, 30 N. Y., 374; *Frontier Bank* v. *Morse*, 38 Am. Dec., § 284, and notes, p. 290.

It would have been otherwise if the plaintiff, by his negligence in failing to give timely notice of his demand, had prevented the defendant from recovering the sum claimed of a third party, or, generally, where the defendant had sustained damage which the plaintiff by ordinary care might have prevented. *Bank* v. *McGilwry*, 64 Am. Dec., 92; *United States* v. *Bank*, 6 Fed. Rep., 854. Where the parties cannot be placed *in statu quo* the loss must fall upon the person who caused it by his negligence, though he may have made the payment under a mistake as to the facts, but without exercising due diligence in ascertaining them. *Boas* v. *Updegrof*, 47 Am. Dec., 404.

If a second payment had been made with a full knowledge of the facts, but not by compulsion of, or mistake as to, the law, the Courts would not allow Beam, who acknowledges that he has been twice paid, to go out of a court of conscience, when all of the parties are before the Court, without accounting for what is justly due to the plaintiff, when he has advanced out of his own funds a part and owes McGinnas the balance of the amount used by Humphreys in making the second payment. No wrong is imputed to any other party, and, in any view of the facts, the Courts could not lend their sanction to fraud by allowing one who, by falsely denying a first payment, secures a second, to retain it simply because the debtor may have been guilty of even gross negligence. A payment is not necessarily voluntary, nor is it to be treated as a gift, because the debtor did not act under compulsion in paying it a second time. *Pool* v. *Allen, supra.*

We conclude, therefore, that there was error in sustaining the demurrer, and the judgment of the Court below is reversed.

Reversed.