### INGRAM v. POSEY.

(Court of Civil Appeals of Texas. Ft. Worth.
May 27, 1911.)

1. MONEY RECEIVED (§ 15*)—NATURE OF OB-
LIGATION.

Where one person has received the money
of another which in honesty and good conscience
he cannot retain, an action will lie either at law
or in equity by the party entitled to recover the
money back, and it is immaterial whether the
action is assumpsit or for money had and re-
ceived.

[Ed. Note.—For other cases, see Money Re-
ceived, Cent. Dig. §§ 44–50; Dec. Dig. § 15.*]

2. MONEY RECEIVED (§ 5*)—MONEY WRONG-
FULLY OBTAINED.

The plaintiff, a bank cashier, purchased a
note belonging to defendant for one B. The
maker paid the note, and, by mistake, plaintiff
credited the payment to the defendant's account,
and the defendant drew the money out of the
bank. Plaintiff then paid B. *Held*, that plain-
tiff could recover, without taking an assignment
of B.'s claim, and though plaintiff was not a
surety or one ordinarily entitled to subroga-
tion.

[Ed. Note.—For other cases, see Money Re-
ceived, Cent. Dig. §§ 14–20; Dec. Dig. § 5.*]

3. PLEADING (§ 34*) — DEMURRER — INTEND-
MENTS ON DEMURRER.

In an action for money which the plaintiff,
a bank cashier, had paid to B. after erroneous-
ly crediting a deposit of money belonging to B.
to defendant's account, the petition alleged that
the credit was made through mistake and by
the negligence and oversight of the plaintiff.
*Held* that, as a petition is given every reason-
able intendment on general demurrer, effect
must be given to the allegation of mistake
rather than that of negligence which would bar
the action.

[Ed. Note.—For other cases, see Pleading,
Cent. Dig. §§ 66–75; Dec. Dig. § 34.*]

Appeal from District Court, Lubbock
County; L. S. Kinder, Judge.

Action by W. S. Posey against W. R. In-
gram. From a judgment for plaintiff, de-
fendant appeals. Affirmed.

Bean & Klett, for appellant. W. S. Posey,
pro se.

CONNER, C. J. Appellee sued for and re-
covered against appellant a judgment for
$523, with interest thereon from May 21, 1909,
at the legal rate upon a state of facts (omit-
ting those not now material) substantially
alleged and proven, as follows: That ap-
pellee as the agent for one Bird, in due course
of business and for a valuable consideration,
and before its maturity, purchased from J.
H. Johnson a certain promissory note for the
sum of $425 executed by W. H. May and
payable to the order of appellant, W. R. In-
gram; that after the maturity of said note
May paid the same through the Lubbock
State Bank of Lubbock, Tex., of which ap-
pellee was the cashier, and "by and through
the negligence and oversight of plaintiff and
by and through his mistake" the proceeds of
said note so collected amounting to the sum

of $523 was deposited in said bank to the
credit of the defendant, W. R. Ingram, in-
stead of to the credit of Arthur Bird, the
owner of the note, as it should have been;
that, knowing that said money was the prop-
erty of Bird, Ingram checked the money out
of the bank and appropriated it to his own
use and benefit; that, by reason of said neg-
ligence and mistake, appellee was required
to and did pay the said sum of $523 to Ar-
thur Bird and later demanded of appellant
the return of the money so wrongfully drawn
out by him, but which demand was refused.
The evidence further authorizes the conclu-
sion evidently arrived at by the trial court
that Johnson was authorized to sell the note
as alleged, and there is substantially but a
single question presented on this appeal.

Appellant, by assignments of error to the
action of the court in overruling his general
demurrer and to the judgment as not sup-
ported by sufficient evidence, insists that the
facts alleged and proven fail to show that
appellee had any right of subrogation. The
contention, of course, proceeds on the theory
that the right of recovery, if any, was in Ar-
thur Bird, the owner of the note at the time
of its payment, and that appellee cannot be
subrogated to this right without an agree-
ment to that effect, express or implied, and
no such agreement appears. While the rem-
edy of subrogation is generally applied in be-
half of a surety or a subsequent lienholder
who discharges an obligation in his own pro-
tection, and appellee's remedy, therefore,
not one of subrogation, we think that regard-
less of distinctions in the forms of action
that the facts alleged and proven support the
recovery.

[1] It is a well-established doctrine, both
by courts of law and of equity, that, where
one person has received money of another
which in honesty and good conscience he
cannot retain, an action will lie by the party
entitled to recover it back, and whether the
action be in assumpsit or for money had and
received under our Code is immaterial. Mer-
ryfield v. Willson, 14 Tex. 224, 65 Am. Dec.
117; Ph. Zang Brewing Co. v. Bernheim, 7
Colo. App. 528, 44 Pac. 380; 4 Pomeroy's
Equity (3d Ed.) § 1419.

[2] These conclusions do not seem to be
seriously contested, the contention apparent-
ly being that, while Bird might have a right
of recovery, such right does not exist in ap-
pellee, but we see under the facts alleged
and proven no sufficient reason for denying
appellee's right. In paying his principal,
Bird, money that through his mistake he
had in effect delivered to another, he but
performed a legal obligation that Bird could
have enforced in the courts, and whether by
such payment equity, in order to afford ap-
pellee relief, will declare appellee subrogated
to the right of Bird, or whether it should
hold that the payment to Bird operated as

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

an equitable assignment of Bird's right, can, we think, be of no consequence. The case of Houser v. McGinnas, by the Supreme Court of North Carolina, reported in 108 N. C. 631, 13 S. E. 139, is similar to the case we have before us. In that case the plaintiff, Houser, was the clerk of an agent for an express company. During the agent's absence he re-ceived a money package consigned to one Beam, and delivered the package to Beam, but failed to take receipt therefor, and fail-ed to enter the transaction upon the books in the agent's office. Later the package was traced to Houser's possession, and Beam de-nied its receipt, whereupon the agent, Mc-Ginnas, repaid the shipper of the package, who, in turn, credited Beam with the amount theretofore charged against him. The agent thereupon required of his clerk, Houser, pay-ment of the money received and the receipt of which Beam had denied. Later Houser was able to establish the fact of the receipt of the package by Beam, and sued both Beam and the agent for the amount that he had been required to pay. The court treated the transaction as in effect a second payment to Beam by the plaintiff, Houser, and held that the law under the circumstances implied a promise by Beam to repay it to Houser, cit-ing Mason v. Waite, 17 Mass. 563, and say-ing: "It is a general rule that, where the money of the principal has been wrongfully paid by his agent to a stranger, either the principal or the agent may maintain an action for its recovery"—citing 1 Lawson Rights, Rem. & Per. § 121. We approve this decision as applicable to the case before us, and hold that, whatever may be said of the nature of appellee's right or remedy, a right or remedy undoubtedly existed and the judgment in his favor crystalizes the proper conclusion.

[3] In saying this we have not overlooked appellant's further contention that appellee should be debarred because of his negligence, but negligence in fact is not relied upon, the point arising only under the general demur-rer. In construing the petition under gener-al demurrer, every reasonable intendment must be indulged in its favor, and it was al-leged that the payment was by mistake. And to this rather than to the further allegation that it was through negligence we think ef-fect should be given. Moreover, in the case of Houser v. McGinnas, already referred to, the point seems to have been there made and it was held to be unavailing in the absence of some showing that it resulted in damage to the defendant, and there can be no pre-tense in the case before us that appellant was damaged by the erroneous credit on the books of the bank in his favor whether done through negligence or by mistake.

We conclude that all assignments should be overruled, and the judgment affirmed.